# Stocks *v.* City of Gadsden.

### *Bill to Enjoin Change of Grade of Street.*

(Decided June 29, 1911.   56 South. 134.)

1. *Eminent Domain; Necessity of Payment; Entry on Making Payment or Deposit in Court.*—Under section 235, Constitution 1901, the rights of an owner who files a bill to enjoin a street grade improvement until he shall be compensated for the injury to his abutting property, are protected by an order of reference to ascertain full indemnity to the owner and costs, and a deposit with the register of the amount so ascertained, to abide the results of the suit.

2. *Constitutional Law; Contemporaneous Interpretation.*—Where a constitutional provision has been interpreted by judicial decision and has been re-enacted, it will be presumed that it was re-enacted with the interpretation put upon it by such decisions.

3. *Municipal Corporations; Streets; Change of Grade.*—It is the duty and the right of the municipal corporation to make its streets safe and convenient by establishing grades or changing grades already established.

4. *Same; Improvements; Discretion; Review.*—Where the bill alleged that the grading proposed would not add to the safety or convenience of the street, but would cause the street to be four or five feet lower than the grade of complainant's property, and would render ingress and egress difficult, and the sworn answer did not take issue as to the difficulty of ingress or egress but averred that the grade would not lower the street more than one or one and one-half feet for a short distance and that the cost of making the property conveniently accessible would be small and that the grading would enhance its value it is held that even if the court had power to control the discretion of the city in a case where a great abuse was shown no construction of the answer in this case would require such a review.

5. *Costs; Appeal; Records; Agreement as to Contents; Presumptions.*—Construing section 2848, and rules of practice 27 and 28, it is to be presumed that the appellant might have had an agreement for an abridgement of the record, and in the absence of such an agreement, the court will not strike out any part of the record so as to deny the register his costs.

APPEAL from Etowah Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by A. T. Stock against the city of Gadsden to enjoin the change of the grade of a street.   From an or-

21—173

der dissolving the preliminary injunction, complainant appeals. Affirmed.

A. E. GOODHUE, and A. R. BRINDLEY, for appellant. Although reference be had and the amount ascertained and paid into court the injunction should not have been dissolved, as no public necessity is shown.—*Town of New Decatur v. Scharfenburg,* 41 South. 1025; *City Council v. Townsend,* 84 Ala. 486. The averment that the change of the grade would not render the street any more safe or convenient is nowhere denied in the answer, and therefore, must be taken as true, and hence, no necessity is shown for the exercise of this right by the city, and the injunction should have been retained.

CULLI & MARTIN, and M. C. SIVLEY, for appellee. The court properly dissolved the injunction upon a payment into court of the damages ascertained by the register.—*C. & W. R. Co. v. Witherow,* 82 Ala. 190. This will not interfere with the power of the chancellor to direct an issue to be made up for a final determination by a jury as to the amount of damages to which complainant is entitled.—*Town of New Decatur v. Scharfenburg,* 147 Ala. 567. The execution of a sufficient bond to be approved by the chancellor would have authorized the dissolution of the injunction.—*M. & W. R. Co. v. Fowl R. L. Co.,* 152 Ala. 326. As to whether the matter of damages will be referred to a jury is a question within the irrevisable discretion of the chancellor. —*Norwood v. L. & N.,* 149 Ala. 159.

SAYRE, J.—The city of Gadsden was proceeding to reconstruct the grade of Haralson street when appellant filed his bill to have the work enjoined until he should be compensated for the injury which would be

caused thereby to his abutting property. Preliminary
injunction was ordered. After a motion to dissolve on
the sworn answer had been overruled, the defendant
amended its answer by incorporating a prayer for a ref-
erence to ascertain an amount which would secure to
complainant full indemnity for the probable damages
to his property, and the costs, and that it be allowed
to pay over to the register the amount so ascertained to
abide the result of the suit. That course was taken and
the deposit made. Thereafter the defendant moved the
court to dissolve the injunction, and the court so de-
creed. From that decree, this appeal is taken.

The court followed the precedent set by the decree of
this court in *C. & W. Ry. Co. v. Witherow,* 82 Ala. 190,
3. South. 23. In that case this court ordered a reference
to ascertain what sum of money would be sufficient to
secure a full indemnity for the probable damage that
might ensue to complainant's property by reason of the
construction of a railroad track along a street in front
of complainant's property, and that, upon the deposit of
the sum so ascertained, the injunction should be dis-
solved. The court said: "This will be security for the
damage done, such as will conform to our constitutional
requirements. * * * Nor will it at all interfere with
the power of the chancellor to direct an issue to be made
up for the final determination by a jury, of the amount
of damages to which complainant may be entitled, if
any, on final hearing of the cause." That practice seems
to have had the approval of the court in *New Decatur v.
Scharfenburg,* 147 Ala. 367, 41 South. 1025, 119 Am.
St. Rep. 81, and *M. & W. Ry. Co. v. Fowl River Lumber
Co.,* 152 Ala. 320, 44 South. 471. Section 7 of article 14
of the Constitution of 1875 provided that: "Munici-
pal and other corporations and individuals invested with
the privilege of taking private property for public use,

shall make just compensation for the property taken, injured, or destroyed by the construction or enlargement of its works, highways, or improvements, which compensation shall be paid before such taking, injury, or destruction." And in *Southern Ry. Co. v. B. S. & N. O. Ry. Co.*, 130 Ala. 660, 31 South. 509, it was held that the right of prepayment secured to the property owner, in cases where his property was taken by municipal or other corporations or individuals invested with the privilege of taking private property for public use, was inseparably connected with the right to have the amount determined by a common-law jury. To meet this state of the law, the Constitution of 1901 provided that "municipal and other corporations and individuals invested with the privilege of taking property for public use, shall make just compensation, to be ascertained as may be provided by law, for the property taken, injured or destroyed by the construction or enlargement of its works, highways or improvements, which compensation shall be paid before such taking, injury or destruction." It then secures the right of appeal and the right to have the amount of damages determined, on appeal, by a jury according to law, but provides that "such appeal shall not deprive those who have obtained the judgment of condemnation from (sic) a right to enter, provided the amount of damages assessed shall have been paid into court in money, and a bond shall have been given in not less than double the amount of damages assessed," etc.—Const. 1901, § 235. These changes in the Constitution make plain the purpose in all cases to divorce prepayment from the right to have damages assessed by a jury, and in cases where a right of entry, a taking, is sought, permits prepayment by a deposit of money and a bond. In respect to all cases of injury without a taking, it must be presumed that the constitutional provi-

sion for prepayment was ordained anew with the inter-
pretation which had been put upon it in the Witherow
Case. These considerations lead us to the conclusion
that the order of the court in this cause was made with
due regard for the constitutional rights of the appel-
lant.

In his bill appellant charges that the contemplated
removal of earth is not necessary to make the street safe
and convenient and extends entirely beyond the require-
ments of the public safety and convenience. The speci-
fic averment is that "the removal of said dirt or earth
will result in lowering the grade of said Haralson street
opposite complainant's said property to such an extent
as to cause said street to be five feet or more below the
surface of said complainant's said property, thereby ren-
dering difficult the ingress and egress to and from com-
plainant's said property." The sworn answer does
not take issue with the specific averment, but explains
the situation by showing that the surface of the street
is already from two to three feet below the surface of
complainant's property, and that the proposed excava-
tion will lower the present surface one and one-half feet,
and this for only a few feet along the street. It con-
cludes that the cost of making complainant's property,
which is unimproved, conveniently accessible after the
change will be insignificant, and that the net result of
the proposed work will be an enhancement in its value.
It shows the defendant's purpose is to improve the
street and make it more convenient for travel. On this
state of the pleading, appellant bases a contention that
the defendant has admitted a case of abuse of munici-
pal authority in that the proposed change of grade ex-
tends entirely beyond the requirements of public safety
and convenience, as is alleged in the bill. It is both the
right and the duty of a municipal government to make

its streets safe and convenient by establishing grades or changing grades once established.—*Montgomery v. Townsend,* 84 Ala. 478, 4 South. 780. The rule is ordinarily stated to be that the municipality is the sole judge as to when and how a street shall be improved, and its determination in that regard is legislative and irrevisable by the courts.—2 Dill. Mun. Corp. (4th Ed.) §§ 686, 941; Lewis Em. Dom. (2d Ed.) § 107. Some cases show an inclination to control the discretion of the municipal authorities in such matters, where great abuse is shown. But if it should be admitted that there is such power in the courts, we are of the opinion that no fair construction of the answer can place this case within hailing distance of it.

The record contains a transcript of the evidence taken by the register on the reference. The appellant moves to strike. There was no exception to the register's report, and this evidence might well have been omitted from the transcript. But it was not for the register to take the initiative in this. The statute requires that "the register * * * must, on the application of the appellant or his attorney, make and deliver to him in time to be returned to the Supreme Court, a full and complete transcript of the record and proceedings in the case."—Code, § 2848. Rule of Practice 27 specifies what papers and orders are to be omitted from the record by the register. Rule 28 authorizes parties, or their counsel, to "make an agreement in writing, specifying what part of the proceedings shall be inserted in the transcript." It is to be presumed that the appellant might have had an agreement in this cause for an abridgment of the record by the omission of the proceedings on reference. In the absence of such agreement we are not prepared to say that the register improperly includ-

[Carroll v. Draughon, et al.]

·ed those proceedings, or that he ought to be denied his ·costs. The motion is overruled.

Affirmed.

SIMPSON, ANDERSON, and SOMERVILLE, JJ., concur.