103 So.2d 753

**Ex parte Clarence C. LANCE.**

**7 Div. 397.**

Supreme Court of Alabama.

May 29, 1958.

Rehearing Denied June 26, 1958.

Handy Ellis, Columbiana, and Frank M. Bainbridge and Bainbridge & Mims, Birmingham, for petitioner.

Karl C. Harrison, Columbiana, and Martin & Blakey, John Bingham and Harold

**640**

A. Bowron, Jr., Birmingham, for respondent.

MERRILL, Justice.

Petitioner Lance seeks a writ of mandamus to Judge Hardegree to set aside his order denying petitioner's application for a division of the damages awarded by a jury in the Circuit Court of Shelby County as compensation in a condemnation case.

Southern Electric Generating Co. applied to the Probate Court of Shelby County for the condemnation of certain lands on which to build a steam electric generating plant. Commissioners were appointed and they awarded Lance $19,500 as damages. The award was paid into court and the lands ordered condemned. Lance appealed to the circuit court.

Southern Electric filed its bond in double the amount of damages awarded as required by statute, and went into possession of the property.

When the cause was tried in circuit court, the jury awarded Lance $38,000. This amount was paid into circuit court. Southern Electric took an appeal to the Supreme Court and filed a bond in more than double the amount of the award in circuit court.

Lance filed his application for a division of the sum awarded by the jury in the circuit court (other parties were two of his tenants and a mortgagee, but there is no dispute among any of the parties claiming an interest in the property as to the amount due them when the award is divided).

Judge Hardegree denied the petition for distribution and Lance brings this petition for mandamus to require him to order distribution of the award immediately, and before the appeal to this court is determined.

The gist of petitioner's argument is that the company has his land; that a building has already been erected on it and that it is being used exclusively by the condemnor, and, therefore, the petitioner is entitled to the amount of the jury award now. The

respondent replies that the company has done all that the law requires it to do, and that the award cannot be divided or distributed until a final determination of the cause is made by this court.

Petitioner's first proposition of law is "An appeal without supersedeas does not suspend the right of a party in whose favor a moneyed judgment was rendered to collect the amount of the judgment pending the appeal. Upon application of the party in interest the trial court is under a duty to pursue all measures necessary for the collection of the money by such party as if the appeal had not been taken." We do not think this proposition is applicable to a judgment in condemnation proceeding that has been appealed.

It is true that no supersedeas bond was given when the appeal to this court was taken. The procedure for appeals in such proceedings from the circuit court to this court is provided in Tit. 19, §§ 23, 24 and 25, and Tit. 7, § 760, Code 1940. The latter section specifically provides that "on no appeal taken under this section shall the judgment of the circuit court be superseded if the compensation assessed is paid to the owner, and the costs of the suit are paid into court," (which was not done here), "or if such compensation together with the costs of suit, are paid into court, and the applicant has given bond in double the amount of the damages assessed, conditioned to pay to the land owner such judgment as may be finally rendered in his favor.", (which was done here). We have also held that a judgment and assessment of damages rendered in a condemnation proceeding is not a personal, moneyed judgment. State v. Carter, Ala., 101 So.2d 550;[1] Calhoun County v. Logan, 262 Ala. 586, 80 So.2d 529; Mobile & Ohio R. Co. v. Hester, 122 Ala. 249, 25 So. 220.

Title does not vest in the condemnor until the compensation has been paid, Alabama Midland Ry. Co. v. Newton, 94 Ala. 443, 10 So. 89; Tit. 19, § 24, Code 1940, and the judgment was not subject to supersedeas.

Petitioner's second proposition of law is "When a condemnor obtains a judgment in the Circuit Court condemning property under the power of eminent domain, gives bond, as provided by statute, pays the amount of the award into court, and takes possession of the property, the owner has the right forthwith to accept and obtain the award from the court and an appeal by the condemnor to the Supreme Court of Alabama does not supersede or suspend such right of the owner."

Two sections of the Constitution of 1901 apply. They are:

"Sec. 23. That the exercise of the right of eminent domain shall never be abridged nor so construed as to prevent the legislature from taking the property and franchises of incorporated companies, and subjecting them to public use in the same manner in which the property and franchises of individuals are taken and subjected; but private property shall not be taken for, or applied to public use, unless just compensation be first made therefor; nor shall private property be taken for private use, or for the use of corporations, other than municipal, without the consent of the owner; provided, however, the legislature may by law secure to persons or corporations the right of way over the lands of other persons or corporations, and by general laws provide for and regulate the exercise by persons and corporations of the rights herein reserved; but just compensation shall, in all cases, be first made to the owner; and, provided, that the right of eminent domain shall not be so construed as to allow taxation or forced subscription for the benefit of railroads or any other kind of corporations, other than municipal, or for

[1]. Ante, p. 347.

the benefit of any individual or association."

"Sec. 235. Municipal and other corporations and individuals invested with the privilege of taking property for public use, shall make just compensation, to be ascertained as may be provided by law, for the property taken, injured, or destroyed by the construction or enlargement of its works, highways, or improvements, which compensation shall be paid before such taking, injury, or destruction. The legislature is hereby prohibited from denying the right of appeal from any preliminary assessment of damages against any such corporations or individuals made by viewers or otherwise, but such appeal shall not deprive those who have obtained the judgment of condemnation from a right of entry, provided the amount of damages assessed shall have been paid into court in money, and a bond shall have been given in not less than double the amount of the damages assessed, with good and sufficient sureties, to pay such damages as the property owner may sustain; and the amount of damages in all cases of appeals shall on demand of either party, be determined by a jury according to law."

Both sections require that just compensation be first made where private property is taken for public use. But the decisive question is what constitutes prepayment under the law of this state.

Prior to 1901, the condemnor could not enter the property pending appeal. Southern Railway Co. v. Birmingham, Selma & N. O. R. Co., 130 Ala. 660, 31 So. 509. To meet this state of the law, Sec. 235 of the Constitution of 1901 provided for the right of entry pending appeal provided the amount of damages assessed shall be paid into court in money, and a bond shall be given in not less than double the amount of damages assessed. "These changes in the Constitution make plain the purpose in all cases to divorce prepayment from the right to have damages assessed by a jury, and in cases where a right of entry, a taking, is sought, permits prepayment by a deposit of money and a bond." Stocks v. City of Gadsden, 173 Ala. 321, 56 So. 134, 135.

In Opinion of the Justices, 259 Ala. 524, 67 So.2d 417, 420, in dealing with an appeal from probate court to circuit court, we said:

"By the terms of the two 1953 Acts here involved, the condemnor need not make an election at the time he or the landowner appeals from the judgment of condemnation entered by the probate court. The condemnor, according to the terms of the 1953 Acts, may appeal, and at a later date elect to enter the property and at that time, the time of entry, pay the amount of damages into court and file his bond in double the amount of damages. Sec. 235 of the Constitution is satisfied by such a provision because Sec. 235 of the Constitution of 1901 merely requires payment and bond before entry. Other courts almost unanimously uphold the statutes allowing the condemnor a right of entry pending litigation upon the payment of compensation, or upon the filing of bonds, or both. See Annotations to 55 A.L.R 201. Statutes providing for the right of entry pending appeal upon the payment of damages or the execution of bond are upheld by the courts upon the theory that when the government or other entity having the right of eminent domain has the damages assessed in a preliminary manner either by viewers or a jury that the only remaining right which is vested in the landowner is the right to receive just compensation and damages. The very essence of the power of eminent domain is the right of the sovereign or its agents to divest the landowner of his property and to take away from the landowner his vested rights to possess the property.

On the other hand, the vested right of the landowner is to demand the payment of adequate compensation and damages. It is readily concluded that the 1953 Acts herein discussed do not deprive the landowner of his substantial vested right, his right to receive just compensation and damages prior to entry."

 We feel constrained to hold that the effect of the constitutional provisions, the pertinent statutes and the pronouncements of this court is that the payment of the award in money into court, and the giving of the bond satisfies the prepayment provisions in the Constitution. It would appear that the respondent was correct in ruling that the "appeal properly taken, abates, vacates or holds in abeyance further action of the lower court until the appeal has been properly disposed of, and the lower court again assumes jurisdiction."

In Williams v. Jefferson County, 261 Ala. 76, 72 So.2d 920, 926, we said that the "distribution by the circuit court must be predicated upon a judgment in that court."

We recognize that this last cited case deals with appeals from probate court to circuit court, but we think the reasoning should apply also to appeals to this court. Tit. 19, § 23 provides "After final judgment in the circuit court or court of like jurisdiction, any party may, within thirty days thereafter, upon giving bond or security for costs, as in other cases, appeal to the supreme court." This precedes the very pertinent § 24 which defines the effect of an appeal. We think the clear intent of the Legislature was to apply the same rule to both appeals except where expressly modified, and until that body speaks again on the subject, we feel bound to apply this obvious intent to the question here presented, even though we might prefer a different result.

Both parties cite us to the Official Proceedings, Constitutional Convention 1901, Vol. 4, pp. 4491–4514. We have read and considered them, and are of the opinion that they lend support to the decision we have reached.

Petitioner cites cases from other jurisdictions which have different constitutional provisions than ours, but it is our opinion that the question can be decided within the framework of our own constitutional and statutory provisions and the case law of this jurisdiction.

This is still another case which "points up once again the real need of having our eminent domain statutes revised in many particulars and brought up to date by the Legislature." Harris v. Mobile Housing Board, ante, p. 147, 100 So.2d 719, 721.

The petition for mandamus is denied.

Writ denied.

LIVINGSTON, C. J., and LAWSON, SIMPSON and COLEMAN, JJ., concur.