110 So.2d 627

**SOUTHERN ELECTRIC GENERATING COMPANY**

v.

Clarence C. LANCE et al.

7 Div. 396.

Supreme Court of Alabama.

March 12, 1959.

Karl C. Harrison, Columbiana, and Martin & Blakey, John Bingham, and Har-

old A. Bowron, Jr., Birmingham, for ap-
·pellant.

28

Handy Ellis, Columbiana and Bainbridge & Mims, Birmingham, for appellees.

MERRILL, Justice.

This appeal is from a judgment of condemnation and an award by the jury of $38,000 to appellees. The proceedings in probate court had resulted in an award of $21,095.50. Appellees appealed from that judgment and the cause was tried to a jury in circuit court. A motion for a new trial was overruled.

Appellant states in brief that "the sole issue for the jury in this case was the valuation issue, viz., determination of the fair market value of appellees' land on June 13, 1957. All errors argued herein deal with the exclusion or admission of valuation evidence or statements of counsel to the jury on matters of valuation." Assignments of error are listed and numbered as they are argued in brief.

Assignment of error 11 charges that the court erred in overruling appellant's objection to the following question asked appellant's witness McEwen on cross-examination: "What did you sell it to the Southern Electric Generating Company for?", and in permitting the witness to answer the question. McEwen had bought 122 acres of land in 1954 and sold it to appellant in 1957 to become a part of the plant site for which appellees' land was being condemned.

We have consistently held that in a condemnation proceeding, the price paid by the condemnor for other lands which are to be used for the same purpose as the lands being condemned is inadmissible, and its admission is reversible error. Blount County v. McPherson, Ala., 105 So.2d 117; Housing Authority of Phenix City v. Stillwell, 241 Ala. 420, 3 So.2d 55; Pickens County v. Jordan, 239 Ala. 589, 196 So. 121; Leahy v. State, 214 Ala. 107, 106 So. 599; Alabama Power Co. v. Sides, 212 Ala. 687, 103 So. 859. But McEwen had testified on direct as to his opinion of the value of the property, he had made a trip to Florida to try to get appellee Lance to sell the property to appellant, he was then selling materials to appellant and he had paid $7,500 for the 122 acres in 1954 and had sold it to appellant for $15,000 three years later. When appellant objected to the question, the basis of this assignment of error, the court stated: "It is limited for shedding light on the question of interest of the witness." We think the trial court ruled correctly. We have held that it is always permissible to cross-examine a witness to ascertain his interest, bias, prejudice, social and business relations with and friendship for the party who calls him to testify. Housing Authority of City of Decatur v. Decatur Land Co., 258 Ala. 607, 64 So.2d 594; Mobile City Lines v. Alexander, 249 Ala. 107, 30 So.2d 4; Louisville & Nashville R. Co. v. Martin, 240 Ala. 124, 198 So. 141. In the Alexander case, we said [249 Ala. 107, 30 So. 2d 10]:

"* * * It is always permissible to cross-examine a witness to ascertain his interest, bias, prejudice, or partiality concerning the matters about which he is testifying. Alabama Power Co. v. Gladden, 237 Ala. 527, 187 So. 711. The party producing a witness may not shield him from such proper cross-examination for the reason that the facts thus elicited may not be competent upon the merits of the cause. We think this line of questioning was proper as tending to affect the credibility of the witness. * * *"

There is no conflict in this holding and the holding in the Stillwell case, supra. There, the attempt was to show bias of the commissioners by showing amounts of awards *they* had made for other lands. A person who had sold lands to the condemnor to be used for the same purpose as condemned lands would not be qualified to be a commissioner in condemnation proceedings. McEwen could not have been a commissioner because he was not disinterested, and he could not have made the oath required of commissioners by Tit. 19, § 11, Code 1940. The evidence in the instant case was admissible for the limited purpose for which the trial court restricted it.

Assignment of error 12, relating to the specific price per acre requested by McEwen for his land and paid by appellant, is answered by the same authorities as cited in the discussion of Assignment No. 11.

Assignment 15 charges error in the overruling of appellant's objection to the question asked appellant's witness Bolton on cross-examination: "Did any of them

(appraisers for appellant) discuss with you the valuation they placed on the Wolf property right next to it?" (also property making up the site and next to the suit property). Conceding, without deciding, that the question was improper, the ruling was rendered harmless by the answer of the witness, who replied, "I don't remember, I don't recall talking to me about the valuation of Wolf property." In Tankersley v. Webb, 263 Ala. 234, 82 So.2d 259, 260, we said:

"* * * The rule that the overruling of an objection to a question is harmless, where the witness answers that he does not know, or does not remember, is applicable here. Brown v. Johnston Bros., 135 Ala. 608, 33 So. 683; Gates v. Morton Hardware Co., 146 Ala. 692, 40 So. 509; Southern Cotton Oil Co. v. Harris, 175 Ala. 323, 57 So. 854; Kellett v. Cochran, 239 Ala. 313, 194 So. 805; 2 Alabama Digest, Appeal and Error, ☞1048(5)."

■■ Assignments of error 2 and 3 are argued together. Assignment 2 reads: "That the trial court erred in overruling appellant's objection to a remark by appellees' counsel in his opening statement concerning what would be the valuation testimony by certain witnesses who had not been served." This is not the proper way to call attention of the lower court to argument of counsel or to assign same as error on appeal. Prior to the court's ruling, there was no record of the objectionable statement of counsel either quoted or in substance or effect. We have said that "where the argument of one's counsel passes beyond the bounds of legal propriety, it is the duty of opposing counsel to object specifically, and point out substantially the language deemed objectionable; and the record should disclose with reasonable certainty what was said in the court below, in order that the appellate court may review it." Flowers v. State, Ala., 113 So.2d 344, 345 [1]. Neither the assignment of error nor

page 24 of the transcript points out substantially the language deemed objectionable, and we find no merit in assignment 2. Assignment 3 is likewise without merit. It is argued that counsel for appellees had "no reason to 'expect' any $300 per acre appraisal testimony." But two witnesses did put that exact valuation on the suit property.

■ Assignment 21 reads: "That the trial court erred in denying appellant's motion to exclude the testimony of appellees' witness Mark J. Williamson as to the value he put on the river front property of appellees' land." The witness had just testified that he estimated the river front property as 58 lots, 100 by 200 feet, at $500 each. Appellant moved to exclude this testimony and the motion was granted. The witness then stated his valuation of the river front property was $14,000. Even though there was no reference to the 58 lots, appellant again asked for and was granted an exclusion as to the 58 lots. The motion was then made "to exclude the value he put on the river property." The witness had testified that he placed a value of $500 per acre on the 26 acres of river front property and thereby reached a value of $14,000. (A correct multiplication would show $13,000). The witness had qualified as an expert and had been over the property inspecting and appraising it. Laying to one side the indefiniteness of the motion to exclude the "value" the witness had put on the river front property, we find no error in the ruling of the trial court. A similar situation was considered in Alabama Power Co. v. Berry, 222 Ala. 20, 130 So. 541, 544, where it was said:

"The plaintiff's cross-examination of the witness developed the fact that, in making his estimate as to the depreciation of value, he had assumed that the defendants would have to pay taxes, and that the plaintiff would have the right to fence the right of way and exclude the defendants from its use.

1. Post, p. 395.

Thereupon plaintiff made motion to exclude his evidence as to the value of the land after the construction of the right of way, on the ground that the witness had included in his estimate irrelevant and immaterial matters.

"The witness qualified under section 7656 of the Code 1923 [Code 1940, Tit. 7, § 367], and the fact that, in forming his opinion, he considered some irrelevant matters, goes to the credibility of his testimony, and not to its admissibility. Gossett v. Morrow, 187 Ala. 387, 65 So. 826. The rule is different where the opinion is predicated wholly upon immaterial matters. Winter & Co. v. Burt, 31 Ala. 33."

The record shows convincingly that the opinion of the witness Williamson was not "predicated wholly upon immaterial matters."

Assignment 7 reads: "That the trial court erred in overruling appellant's objection to the following question asked appellant's witness Grady Weaver on cross-examination: Q. 'But suppose you had a camp site on Coosa River on the Lance property fifty feet by sixty feet deep fronting on Coosa River what would you say that would be worth?' and in permitting such witness to answer such question." Again conceding, without deciding that the question was improper, the error was rendered harmless by the answer of the witness, "I couldn't say." Tankersley v. Webb, 263 Ala. 234, 82 So.2d 259.

■ Assignments of error 17, 18 and 19 charge error in the sustaining of appellees' objections to the offer in evidence by appellant of the deeds by which appellee Lance took title to the property being condemned. The offer was made, according to appellant's counsel, "for the purpose of proving title in the respondent" (Lance). The court said: "It is undisputed, the title has been admitted in the record, the title is in this man and was on the date of the condemnation. The Court sustains the ob-

jection." This is supported by the record. Previously, the following had transpired:

"Mr. Bainbridge: May it please the Court, the Respondent, Mr. Lance, now admits in open court in the presence of the jury and counsel for petitioner that he owned this property described in the petition as of June 13, 1957, and that he owns the property at this time."

The trial court did not err in sustaining the objections to the deeds. The stated purpose was to prove the title was in Lance, and that fact had been admitted and was not disputed. If the deeds were admissible for the purpose indicated, there was no prejudice in excluding them. Ray v. Fowler, 265 Ala. 65, 89 So.2d 573.

■ Assignments of error 23 and 24 are concerned with the court's sustaining objections to questions asked appellee Lance on cross-examination in reference to what he had paid for his property. Lance had testified that his property, 217.6 acres, was worth $360 per acre. He had acquired one parcel in 1940, the other in 1947. In Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545, 546, 7 A.L.R.2d 773, we said:

"The general rule, supported by overwhelming authority, is that evidence of the price paid by the owner for the property sought to be condemned is admissible as tending to illustrate or bearing probatively on its market value, unless the sale was too remote in point of time from the condemnation proceedings as to afford no fair criterion of present value, or if otherwise shown to be without probative force, as where the sale was not a voluntary one or where other special considerations conduced the sale at other than the true market value. (Citing cases).

"And, on the question of the remoteness of time of the purchase of the property by the owner, the rule seems to be that much is left to the discretion of the trial court. (Citing cases)."

The trial court sustained objections on the ground that the sale was too remote. We cannot say that the trial court abused its discretion in holding as too remote transactions made seventeen and ten years prior to the valuation date.

Assignment 13 is without merit. It complains of a ruling on a question. Actually, no question was asked, even though the trial court called it a "question" in sustaining the objection to the statement of counsel. The trial court recognized it for what it was—another attempt to get the deeds to the property in evidence.

Assignment 8 presents no prejudicial error. Conceding that the question was improper, the answer of the witness to the question was that he did not know. Tankersley v. Webb, supra.

■ Assignment 16 complains of the action of the trial court in overruling objection to a question propounded to appellant's expert appraiser on cross-examination. The question was "Can you answer this: Give the jury your best judgment as to the reproduction cost, total reproduction cost of all those buildings, and the market value of the same at the time you appraised them?" Irrespective of whether the question was improper, the answer was not prejudicial. The witness answered, "I think about $6800.00." On direct examination in answer to this question, "I will ask you to give me from the figures you have given the total value of the buildings that entered into your appraisal on this property," the witness answered, "$6830.00." Thus, his figure for reproduction cost of the buildings was actually lower than the total value he had placed on them, and the answer was favorable to appellant. We are not to be understood as approving the question or the answer.

Assignment 9 complains of the sustaining of an objection to a question, whereas, the record does not show such action by the trial court, nor does it show any answer by the witness.

■ Assignment 10 reads: "That the trial court erred in sustaining appellees' objection to the following question to appellant's witness J. M. Batson on redirect examination: Q. 'I will state the question this way: If you know state what it sold for?'." The reference was to the Walton land which adjoined the river as did some of the Lance property. The witness had testified that he did not know of any river front property that had been sold, again that he did not know what the Walton land sold for, and the next day in answer to the question quoted in Assignment of error 10, the following occurred:

"A. I don't actually have a personal knowledge of what it sold for—

"Mr. Bainbridge: We object to any further statement.

"The Court: Sustain the objection. I think he testified yesterday he didn't know."

There was no evidence in the record that the Walton property had ever been sold. In this state of the record, we find no reversible error in the ruling of the trial court.

■ Assignment 20 complains of the following which occurred during the direct examination of appellees' expert witness Williamson, who was testifying as to his knowledge of sales of farms in the vicinity, and he had specifically referred to it as "the Jackson sale.":

"Q. Tell the jury whether or not, in your opinion, that was a distress sale?

"Mr. Harrison: Your Honor, we are going to object to it. Unless he has personal knowledge it is hearsay. He says he was not involved in the same, and it is hearsay, and we move to exclude his testimony.

"The Court: That might be a question for the jury. However, this is an expert witness. Overrule the objection.

"Mr. Harrison: We except.

"A. It was in my opinion."
Appellant argues here that the answer invaded the province of the jury. But, it will be noted that the objection was on the ground that it was hearsay. In Louisville & Nashville R. Co. v. Scott, 232 Ala. 284, 167 So. 572, 577, we said:

"When the court overrules an objection to evidence on special grounds assigned, which do not point out a valid objection, this court will not on review consider other grounds which might have been assigned, and which would have pointed out some legal objection." (Citing cases).

Appellant was not prejudiced by the ruling of the trial court.

Assignments of error 4, 5 and 6 are without merit. Even though they are argued together, we consider them separately because they are closely related, and we have held that related or kindred assignments of error may be argued together and that practice has been commended. Southern Railway Co. v. Cates, 211 Ala. 282, 100 So. 356; Polytinsky v. Johnston, 211 Ala. 99, 99 So. 839. The rule that we consider no assignments of error when more than one are argued together and one is without merit applies only when they are not kindred or related. In Thompson v. State, 267 Ala. 22, 99 So. 2d 198, 200, we said: "When unrelated assignments of error are argued together and one is without merit, the others will not be considered." In Hartford Fire Ins. Co. v. Clark, 258 Ala. 141, 61 So.2d 19, 27, we said:

"* * * Where the assignments of error are so related as that they may be treated as being predicated upon a single argument, the fact they are argued in bulk is not objectionable. But that principle does not apply where the assignments of error are not dependent upon the same legal principles. * * *"

There is a discussion of this point in White Dairy Co. v. Sims, 230 Ala. 561, 161 So. 812[2]. See also, Socier v. Woodard, 264 Ala. 514, 88 So.2d 783[8].

The three assignments, 4, 5 and 6 complain that the court overruled objections to questions tending to show that the lands sought to be condemned were suitable for the purpose for which they had been condemned. Such evidence has been held inadmissible. Housing Authority of Birmingham Dist. v. Title Guarantee Loan & Trust Co., 243 Ala. 157, 8 So.2d 835[6]. But in the instant case, the objection to the question, the basis of assignment 4, was withdrawn. After the objection, counsel for appellant stated: "I think we will let the witness answer the question." This was invited error and appellant cannot now avail itself of the error. Ellerbee v. Atlantic Coast Line R. Co., 258 Ala. 76, 61 So.2d 89. Assignment 5 complains of the answer to a similar question, but the answer was essentially the same as the answer to the first question, the objection to which was withdrawn. This, if error, was not prejudicial. Mobile City Lines, Inc. v. Hardy, 264 Ala. 247, 86 So. 2d 393. To the question the basis of assignment 6, the witness stated that he could not answer it. The overruling of the objection to this question was rendered harmless. Tankersley v. Webb, supra. We further observe that the trial court correctly gave five written charges requested by appellant to the effect that Lance was not entitled to any increased value for his land on account of the proposed improvements on or uses of the land in contemplation of its use as a generating plant site.

Assignment 22 charges error in connection with the motion to exclude witness Cather's testimony as to the value of the timber on the condemned lands. The witness testified that the timber was worth $4,300. It developed that he had not looked at the timber himself but had employed timber cruisers to cruise it. The motion was: "I move to exclude the value he put on the timber." It is sufficient to say that there

is no error in overruling a motion to exclude answers from evidence where no grounds are stated therefor. Alabama Securities Co. v. Dewey, 156 Ala. 530, 47 So. 55; Slaughter v. Green, 205 Ala. 250, 87 So. 358.

■ Assignment 1 charges error in overruling the motion for a new trial. The question of value was in conflict and was for the jury to decide. Five witnesses for appellant placed the value of the lands from $18,000 to $26,000. Six witnesses for appellees ranged in testimony from $42,000 to $78,000. The only grounds of the motion argued here are concerned with the weight of the evidence. The motion was properly overruled.

Both parties to this appeal conclude their briefs with discussions about penalty and interest. We would prefer to award these items on appeal, but we think we must await authority from the Legislature before doing so.

The ten percent penalty is provided for in Tit. 7, § 814, Code 1940, as amended. It applies where a supersedeas bond is or could be made. But, as shown in Ex parte Lance, 267 Ala. 639, 103 So.2d 753, Tit. 7, § 760, Code 1940, does not permit the superseding of a judgment on appeal where the compensation award and the costs of court are paid into court, and a bond in double the amount of damages is given.

■ Interest on judgments is also governed by statute. Interest on a judgment is provided where a judgment is for payment of money. Tit. 9, § 63, Code 1940. But, we have held that a judgment and assessment of damages rendered in a condemnation proceeding is not a personal, moneyed judgment. Ex parte Lance, supra; State v. Carter, 267 Ala. 347, 101 So.2d 550; Calhoun County v. Logan, 262 Ala. 586, 80 So.2d 529; Mobile & Ohio R. Co. v. Hester, 122 Ala. 249, 25 So. 220. Nor does Tit. 7, § 506, Code 1940, apply. As stated in the Hester case [122 Ala. 249, 25 So. 222], supra, "It was never within the

contemplation of the statute that a monied judgment should be rendered, as in debt or assumpsit, as was here done, on which an execution should issue." It follows that neither penalty nor interest may be awarded on appeal in condemnation cases. See State of Alabama v. Moore, Ala., 110 So.2d 635.

■ Appellees submitted on a motion to dismiss the appeal on the ground that prior to the appeal appellant took possession of the property under the judgment and commenced the erection of its steam electric generating plant and has continued in possession of the property since. The proposition of law cited is from a headnote in Russell v. Bush, 196 Ala. 309, 71 So. 397, which states: "Where the party condemning takes possession and pays the award, he is estopped from objecting to the proceedings, and waives his right of appeal." It is sufficient to state that in that case the condemnation proceedings had been instituted by the United States and prosecuted to a final decree condemning the property and "paid the damages therefor as determined by the rules of law governing such cases, *and the defendant owner had received said damages so assessed for the condemned property.*" The court held that thereafter the United States had no right of appeal or of review, and no right of rescission, and in fact, no effort was being made by the United States to disturb the enjoyment of the proceeds of the condemnation proceedings.

In the instant case, the owner has not yet received the damages assessed. Ex parte Lance, 267 Ala. 639, 103 So.2d 753. That is why the cited case is not apt authority here. The motion to dismiss is denied.

The judgment of the lower court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.