186 So.2d 142

**STATE of Alabama**

v.

**Geraldine W. LeCROY et al.**

**3 Div. 88.**

Supreme Court of Alabama.

May 5, 1966.

Frank J. Mizell, Jr., and Goodwyn & Smith, Montgomery, for appellant.

Hill, Hill, Stovall & Carter, Montgomery, for appellees.

GOODWYN, Justice.

·This is an eminent domain proceeding brought by the State (Code 1940, Tit. 19, Chap. 1) to acquire rights-of-way for highway purposes across lands belonging to appellees. The proceeding originated in the probate court of Montgomery County, where there was an award of $200,000. From the order of condemnation there made, the State appealed to the circuit court of the county, where a trial de novo (§ 17, Tit. 19) was had before a jury. The sole issue on the trial was the amount of damages and compensation, if any, to be awarded the landowners. The jury fixed the amount at $135,000. A judgment of condemnation followed. Thereupon, the State filed a motion for a new trial. The motion was overruled. The State then brought this appeal from the judgment of condemnation and also from the judgment overruling its motion for a new trial.

The State took physical possession of the condemned property prior to the trial in the circuit court.

■ All of the assignments of error relate to, and have a bearing only upon, the amount to be awarded the landowners. But the amount of the award was not questioned in the trial court (in the motion for a new trial or otherwise), nor is it questioned here. Accordingly, error, if there be error in any

of the challenged rulings, is rendered harmless and cannot work a reversal. See: State v. Dunlap et al., ante p. 418, 186 So.2d 132, and cases there cited.

The landowners insist they should be allowed interest on the judgment of condemnation, particularly since the State took physical possession of the condemned property prior to the trial in the circuit court and has continued in possession. They make the following argument in their brief:

"*  *  *  We respectfully submit that interest on an award after the State has entered and is using a landowner's property is necessary to make up 'just compensation'. The use of money is a valuable right, and mere deposit into a court does not confer a use benefit to the ultimate receiver. Compensation delayed, is inescapably partial compensation denied. The time has come for the condemnor to realize that appeals cannot be taken with impunity and immunity, and payment delayed to the condemnee at the condemnee's expense. When an appeal is taken by the State, and not by the condemnee, it is State action that precludes payment of an award to the condemnee. *  *  * Does not justice and the requirements of Section 23 of the Constitution demand just compensation (interest) for the use of their land and the tying up of their money by the State?"

This argument pointedly brings to the fore once again the need for revising some of the provisions of the eminent domain statutes.

In Southern Electric Generating Company v. Lance, 269 Ala. 25, 34, 110 So.2d 627, it was held that interest on a judgment of condemnation cannot be allowed on an appeal from such judgment. As there said:

"Interest on judgments is also governed by statute. Interest on a judgment is provided where a judgment is for payment of money. Tit. 9, § 63, Code 1940. But, we have held that a judgment and assessment of damages rendered in a con-

demnation proceeding is not a personal, moneyed judgment. Ex parte Lance, [267 Ala. 639, 103 So.2d 753], supra; State v. Carter, 267 Ala. 347, 101 So.2d 550; Calhoun County v. Logan, 262 Ala. 586, 80 So.2d 529; Mobile & Ohio R. Co. v. Hester, 122 Ala. 249, 25 So. 220. Nor does Tit. 7, § 506, Code 1940, apply. As stated in the Hester case [122 Ala. 249, 25 So. 222], supra, 'It was never within the contemplation of the statute that a monied judgment should be rendered, as in debt or assumpsit, as was here done, on which an execution should issue.' It follows that neither penalty nor interest may be awarded on appeal in condemnation cases. See State of Alabama v. Moore, Ala. [269 Ala. 20], 110 So.2d 635."

In the opinion, we observed that we would prefer to award interest, but "must await authority from the Legislature before doing so."

■■ A condition to the right of a condemnor to take possession of land being condemned is the deposit in court of the amount of the award. Code 1940, Tit. 19, §§ 18, 24. But no interest accrues on the deposit. Nor may it be withdrawn by the landowner. See: Ex parte Lance, 267 Ala. 639, 103 So.2d 753. True, the condemnor has had to deposit the award in court in order to take possession, and thus has lost the use of the deposited money. But the landowner has neither the use of the land nor the use of the deposited money. A condemnor in possession, by taking an appeal from the judgment of condemnation, thereby causes the award to be withheld from the landowner pending the determination of the appeal. If the judgment is affirmed, why should not the condemnor bear the burden of the loss to the landowner in being denied the use of the award by the condemnor's appeal? Except by virtue of a statute, there is no right of appeal. See: Covington Electric Cooperative v. Alabama Power Company, 277 Ala. 162, 168 So.2d 5; State v. Seminole Bottling Co., 235 Ala. 217, 178 So. 237; Lewis v. Martin, 210 Ala. 401, 409, 98 So.

635. If the legislature alone can give the right of appeal, would it not be appropriate for that body to require, as a corollary to the right, that a condemnor make the landowner whole by providing for interest on an award for the time it is withheld from the landowner because of the condemnor's appeal? We think so, and commend the suggestion to the legislature for its consideration.

In *Ex parte Lance,* supra, the landowner sought mandamus to compel an immediate distribution of the condemnor's deposit pending an appeal by the condemnor. The landowner contended that to deny him both the land and the money was to deny him the constitutional right (§§ 23 and 235, Constitution 1901) to be justly compensated before the taking of his property. Mandamus was denied, the court saying:

"We feel constrained to hold that the effect of the constitutional provisions [§§ 23 and 235, Constitution 1901], the pertinent statutes and the pronouncements of this court is that the payment of the award in money into court, and the giving of the bond satisfies the prepayment provisions in the Constitution. * * *"

The judgment of condemnation is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.

COLEMAN, J., concurs in part and dissents in part.

COLEMAN, Justice (concurring in part).

I agree in holding that landowner cannot have interest on award made by the circuit court.

As to necessity for motion for new trial I do not agree for reasons expressed in dissent in State v. Dunlap et al., ante p. 418, 186 So.2d 132, rendered May 5, 1966.