This is an appeal from an adverse judgment in a wrongful death action. The plaintiff (appellant) raises several issues on appeal. The dispositive issue concerns the propriety of defense counsel's remarks during his opening statement regarding the decedent's workmen's compensation insurance carrier and whether the insurance company was entitled to any proceeds from a judgment for the plaintiff.
Gregory Lee Mathews was killed in a one vehicle accident when the coal truck he was driving overturned. The accident took place at a dead end "T" intersection in Tuscaloosa County. The accident occurred during the early morning hours of a night when the roadway was covered with heavy fog. There was a stop sign placed at the intersection, but the evidence showed that a warning "stop-ahead" sign approaching the intersection had been knocked down. The defendant, Tuscaloosa County, had failed to replace this sign. The plaintiffs, Mathews' minor daughters and administratrix, filed a wrongful death action asserting that the failure to maintain the "stop-ahead" sign constituted negligent and wanton conduct. The defendant countered that no duty existed to erect a "stop-ahead" sign and further, *Page 99 
that the decedent's conduct constituted contributory negligence. The jury rendered a verdict for the defendant.
The record does not contain any portion of either the plaintiffs' or the defendant's opening statements. Thus the plaintiff, pursuant to ARAP 10 (f)[1] sought to have the record supplemented, to include the defense counsel's remarks regarding workmen's compensation insurance.
Affidavits by Shay Samples, attorney for the plaintiffs, Paige Pugh, court reporter, and James Lee, attorney for the defendant, were attached to appellant's motion under Rule 10 (f). The trial judge did not grant the motion but stated in his order the following:
 "That since the exact nature and content of the opinion that said alleged objectionable statements in opening and closing arguments were not adequately or properly preserved for appeal by plaintiffs [appellants], and the Court is without authority or ability to reconstruct same for appeal; but that for what it is worth the Court will order that the affidavit of appellants, the affidavit of the Court Reporter, Paige Paugh [sic], and the affidavit of appellee be made a supplement to the record in this cause and forwarded to the Supreme Court by the Clerk of this Court as a supplement to the transcript of record herein."
ARAP 10 (f) grants the appellate court the power to conform the record so that material inadvertently omitted is included. While no stenographic transcription of counsel's opening statements is usually made in Tuscaloosa County, the court reporter did state in her affidavit that "I was supposed to have recorded, by tape recorder, said opening statements and closing arguments, but this was apparently, inadvertently not done. . . ." Even though the defense counsel's actual spoken words are not preserved in the record, the records do show with reasonable certainty what was said in the court below.
During the defendant's opening statement, the record indicates that an objection was made regarding the characterization of the parties in the case. The trial court overruled the objection. A subsequent discussion in the trial judge's chambers, which was transcribed by the court reporter, sheds some light on the matter being considered.
 "MR. HOGAN: About the workman's [sic] compensation, Judge, we do not believe that what was said by Shay Samples in the opening statement warranted Jimmy Lee council [sic] for the county here to blurt out in the courtroom what he did about workman's [sic] compensation — that those people would get the money, that it won't go to those children. First it is an inaccurate — it is very prejudicial to the case and Your Honor had already ruled on the matter and it was not supposed to have been mentioned. We take exception to it and we ask that at the end of the trial we are going to ask for appropriate instructions; but in the meantime, we ask for instructions to council [sic] not to bring up any further mention of workman's [sic] compensation during the trial.
"MR. LEE: May I reply to that?
"THE COURT: Yes, sir.
 "MR. LEE: Of course it is a fact in this case that workman's [sic] compensation is paying these two children. The law is clear that if the council [sic] for the plaintiff stands up and says that all of the benefits awarded in this case goes [sic] to the minor children, that we have a right to answer in kind and that is just *Page 100 
numerous case law. We would not have mentioned workman's [sic] comp except they got up and said that the benefits, all of the benefits, would go to the children because that's not true. That gives us an opportunity then legally, according to the Supreme Court to state whom the benefits will go to, and we have a right now.
 "Since he has said that all the benefits would go to the minors and since this is not true, we have a right in the case, a legal right to show who the benefits would go to in this case. I can get Your Honor the case and bring it to you.
 "MR. HOGAN: The workman's [sic] comp is not supposed to be brought into the case. Whether or not a portion of it is to be paid to the comp carrier is something that is not supposed to be before the jury.
 "MR. LEE: Judge, there are several cases where a matter that maybe was not properly before the jury when one party gets up and says that all of these benefits are going to be paid by or to a specific person; and if it is not true, then the other side has a right then once that statement is made to reply in kind. It's called replying in kind and that's all we are doing. We have that legal right based on the Alabama case law.
 "THE COURT: I will reserve my ruling until a quarter until nine in the morning. I thought we had settled all that about the comp business; but as far as arguing about who is going to get the money, I don't see any reason for us to get into an argument as to how the money is going to be split up because everyone knows it is going to be split up."
The plaintiff's attorney recorded his recollection in an affidavit attached to his ARAP Rule 10 (f) motion:
 "I have an independent recollection of what was said by Mr. Lee during opening statement. Mr. Lee stated, in sum and substance, that there was a workman's [sic] compensation insurance carrier involved in this case and that the insurance company would also receive some of the proceeds from any judgment rendered in favor of the plaintiffs. Said comments were in response to a statement made by myself to the effect that the minor children were the party-plaintiffs [sic] in this case and would be the beneficiaries of any verdict. A discussion took place in chambers out of the presence of the jury, which is set forth in Volume 2 of the Record on Appeal, pages 28-30. Mr. Hogan objected to this statement by Mr. Lee, and the court overruled same."
The record shows with reasonable certainty that defense counsel made reference to workmen's compensation insurance. Even though the exact statement made by counsel was not preserved because the court reporter did not transcribe it, we find that the record on appeal discloses "with reasonable certainty what was said in the court below." Flowers v. State,269 Ala. 395, 397, 113 So.2d 344 (1959); Southern ElectricGenerating Company v. Lance, 269 Ala. 25, 30, 110 So.2d 627
(1959).
This Court has held many times "that any showing that the plaintiff has received insurance benefits for his injuries is prejudicial to his case and should not be admitted." Jones v.Crawford, 361 So.2d 518, 521 (Ala. 1978); Vest v. Gray,275 Ala. 286, 154 So.2d 297 (1963); Coleman v. Hamilton StorageCo., 235 Ala. 553, 180 So. 553 (1938).
Based on the foregoing, the judgment of the trial court is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
[1] "(f) Correction or modification of the record. If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the appellate court. (Amended 10-14-76, eff. 1-16-77.)" *Page 101