WRIGHT, Presiding Judge.
This suit for declaratory judgment is ancillary to a prior condemnation action brought by the Alabama State Highway Department (Department). The petition sought a declaration as to the correctness of distribution by the Circuit Clerk of Franklin County, Alabama, of monies derived from the conclusion of the condemnation.
The facts were stipulated. As pertinent, the facts are as follows: Pursuant to an action for condemnation by Department, a judgment was entered in the Probate Court of Franklin County condemning the property and awarding landowners as compensation the sum of $115,000. That sum, with costs, was paid into court by Department. Appeal was taken to circuit court by the landowners. The funds were transferred by the probate court to the circuit clerk. Landowners withdrew from the funds the sum of $56,630.00, as was their legal right. Department requested investment of the remaining funds. They were invested by the circuit clerk in an interest-bearing account.
Approximately one year later, the case was tried before a jury. Verdict was for $130,000.00. The court added interest at six percent for a judgment of $136,698.90. Department promptly paid into court the sum of $21,001.76, representing the excess over the amount previously deposited. That amount was promptly added to the money previously invested.
After denial of post-trial motions and expiration of time for appeal, the clerk disbursed $88,670.83, the amount then on deposit. Of the total, $80,068.90 represented the remainder of the judgment of $136,-698.90 after the withdrawal by the landowners of $56,630.00. The remainder of *385 the total represented the return on the funds invested by the clerk. The disbursement by the clerk was $83,648.96 to the landowners or $3,580.06 more than the remaining amount of the judgment. The amount of $5,021.87 was disbursed to the Department.
It is the contention of the Department that it was due all of the return on the invested funds because it constituted interest on the judgment and it was error to give any of the benefits of the investment to the landowners. The basis of the contention is that the statutory provision for payment of interest on money judgments to the prevailing parties in law suits expressed in § 8-8-10, Code of Alabama 1975, does not apply in actions for condemnation of land by the State.
This court and the landowners agree that § 8-8-10 does not apply in this case. It has been held by our supreme court that absent legislative authority, condemnees are not entitled to interest on a judgment of condemnation even though the condemn- or has taken possession and continues in possession during an appeal. State v. Le-Croy, 279 Ala. 428, 186 So.2d 142 (1966); Southern Electric Generating Co. v. Lance, 269 Ala. 25, 110 So.2d 627 (1959). A specific statutory exception to the rule is in highway condemnations when the State takes the appeal from an award of damages which is subsequently affirmed on appeal to the appropriate appellate court. § 18-1-27, Code of Alabama 1975. That exception has no application in this case.[1]
Why, then, was it not error to pay to the landowners money earned as interest from the investment of the money paid by the State into court? The answer is simply that money received by the clerk from interest paid upon the investment of the funds paid into court in response to judgment does not constitute a payment of interest .by the State. The supreme court said in the ease of State v. Jefferson County Board of Education, 282 Ala. 303, 309, 211 So.2d 146, 151 (1968):
“While we agree with the State that the trial judge cannot add interest to a condemnation award, State v. Jones, 271 Ala. 227, 123 So.2d 107, we do not agree that that is the case here. In the instant case, the interest to be apportioned is not interest on the jury award but interest on the Probate award which was invested. We can find no reason to overturn the trial judge’s order apportioning the interest on the Probate award.”
It may be concluded that the State, in receiving $5,021.87 from the investment, received a windfall. Landowners have not complained here. In any case, it was not error for the court to sustain the distribution by the clerk. Landowners received funds to which they were legally entitled.
AFFIRMED.
BRADLEY and HOLMES, JJi, concur.

. It is an anomaly that in spite of the correctness of the Department’s argument here (the State is due to pay no interest on judgments of condemnation), it nevertheless paid into circuit court $6,698.90 as interest upon the verdict of the jury. It apparently did so without objection or appeal.