L. CHARLES WRIGHT, Retired Appellate Judge.
On March 7, 1994, the State of Alabama filed in the Lee County Probate Court a petition for the condemnation of certain tracts of land. This appeal concerns only the condemnation of Tract 11. Stephen D. Ward and Shelby D. Ward owned Tract 11. Robert L. Rothfuss, June M. Rothfuss, Cook Oil Company, Tri-State Systems, Inc., National Advertising Company, and Lamar Advertising Company all claimed a leasehold interest in Tract 11. The Wards, the Rothfusses, Cook Oil, Tri-State, National Advertising, and Lamar Advertising were named as defendants.
Following oral proceedings, the probate court entered a judgment on July 25, 1994, condemning the property and awarding total compensation of $426,800 to the parties. The court purported to apportion[1] the award among the parties as follows:
The Wards $300,000
The Rothfusses 18,800
National Advertising 36,000
Tri-State 36,000
Lamar Advertising 36,000
Cook Oil 0
On the same day, the State deposited $426,-800 with the probate court.
On August 12,1994, the State appealed the probate court’s judgment to the Lee County Circuit Court. On August 26, 1994, the Wards filed a petition to withdraw $187,150, which the trial court granted.
Thereafter, the State filed summary judgment motions against .Cook Oil, National Advertising, Tri-State, and Lamar Advertising, which the trial court granted. Subsequently, the Wards and the Rothfusses entered into an agreement in open court that the Roth-fusses surrendered all right, title, and interest in the property in exchange for the Wards’ agreement to pay the Rothfusses from the jury verdict.
*1250 The case was tried before a jury. The jury returned a verdict in favor of the Wards and against the State in the amount of $500,-000. The trial court entered a judgment on the verdict and determined that the State owed $59,446.10 in interest on the amount of compensation. The parties filed a joint motion to vacate. On the same day, the trial court vacated its judgment and entered a new judgment, stating, in pertinent part:
“The [State] contends that interest should be paid on [$73,200], the difference between the jury’s award of [$500,000] and the sum of [$426,800] which [the State] deposited with the [probate court] on July [25], 1994, pursuant to a judgment of condemnation and award of just compensation to the landowners....
“The [Wards] contend that interest should be paid on the sum of [$200,000], the difference between the jury’s award of [$500,000] and the probate court’s designated compensation in the amount of [$300,000] to be paid to the Wards. It is the Wards’ contention that, of the total sum of [$426,800] paid into the [probate court] by the [State] regarding said Tract 11, pursuant to the [probate court’s] judgment, ... only [$300,000] of that sum was designated by the judgment of the [probate court] for compensation to [the Wards].
“The parties have agreed and stipulated that if the [State’s] , contention is correct, the mathematically correct amount of interest through 10/24/96 is [$34,935.57], plus per diem interest of [$11.13] from 10/25/96; and, if the [Wards’] contention is correct, the mathematically correct amount of interest through 10/24/96 is [$59,466.10], plus per diem interest of [$30.14] from 10/25/96.
“The court ... is'of the opinion, and finds, that the Wards’ contention as to the interest calculation is correct, and it is, therefore, CONSIDERED, ORDERED, ADJUDGED, AND DECREED that the [State] pay interest tó date of [$59,466.10], plus per diem interest of [$30.14] from 10/25/96.”
The State filed a motion for a new trial, which the trial court denied. The State appeals, raising one issue: whether the trial court erred in its calculation of interest on the compensation awarded. This case is before this court pursuant to § 12-2-7(6), Ala. Code 1975.
The State argues that the trial court erred in calculating the interest on the difference between the jury’s award, $500,000, and the amount of $300,000 that the probate court apportioned to the Wards.
The statutory provision governing the computation of interest on compensation awarded in condemnation cases is § 18-1A-211, Ala.Code 1975. That section provides:
“(a) Except as provided in subsection (b), the judgment shall include interest at a rate equal to the rate allowed to be charged on money judgments as set forth in section 8-8-10 as amended at the date of the final order in the circuit court upon the unpaid portion of the compensation awarded. The interest shall commence to accrue upon the date of valuation and be calculated to the earlier of the date of deposits into the probate court or date of entry of the judgment.
“(b) Except as provided by section 18-1A-111 the judgment may not include any interest upon the amount represented by funds deposited into probate court by the plaintiff for the period after the date of deposit.”
Section 18-1A-111 states:
“Upon motion of a party at any time after a deposit has been made, the court shall direct that the money not withdrawn be invested in certificates of deposit of federal and state banks and savings and loan associations, or in treasury bills, notes, or obligations of the federal government or any agency thereof, subject to reasonable terms and conditions. Interest earned or other increments derived from the investment shall be allocated, credited, and disbursed between the parties pro rata, in relation to the final award.
Sections 18-1A-154, -291, and -292 provide that the total compensation for the property is to be determined first, then the court or the jury determines the apportionment and distribution of the funds among the claimants. “It should be remembered that *1251 the compensation in condemnation cases is for the damage to the property rather than the damage to the people having an interest in the property.” State v. SouthTrust Bank of Baldwin County, 634 So.2d 561, 564 (Ala.Civ.App.1994) (citation omitted).
The fundamental rule of statutory construction is to ascertain and effect the intent of the legislature. Lambert v. Wilcox County Comm’n, 623 So.2d 727 (Ala.1993). Words in a statute are given their plain and usual meaning. Id. Statutes dealing with the same subject are construed in pari materia. Lambert.
Reading §§ 18-1A-154, -291, and -292 in pari materia with § -211, we conclude that the judgment in a condemnation case awards the total compensation due for the property and that once the condemner pays the judgment amount into court, the apportionment of the funds is between the court and the persons claiming an interest in the property. See also City of Dothan v. Wilkes, 269 Ala. 444, 114 So.2d 237 (1959); SouthTrust Bank of Baldwin County, supra.
Based on the clear language of § 18-1A-211, we also conclude that the trial court should have accepted the State’s calculation of interest on the difference between the $426,800 deposited with the probate court and the jury’s award of $500,000. Accordingly, we affirm that portion of the judgment condemning the property; we reverse that portion of the judgment calculating the interest on the compensation, and we remand the cause to the trial court for entry of a judgment consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the judges concur.

. The probate court failed to have a hearing regarding the defendants’ claims to the property, as required in § 18-1A-291, Ala.Code 1975, or § 18-1A-292, Ala.Code 1975.