The State appeals from a judgment in condemnation action. The State filed a con- demnation action against property owners John C. Gray and Linda D. Gray on February 3, 1997, for acquisition of a highway right-of-way in Baldwin County. On April 22, 1997, three commissioners, duly appointed by the probate court, assessed the damages for condemnation of the Grays' property at $129,500. The probate judge entered an order of condemnation on that same day. The State appealed to the circuit court, challenging the amount of damages assessed by the commissioners. On May 7, 1997, the State deposited the sum of $129,500 with the probate court. Upon the motion of the Grays, the circuit court, on June 3, 1997, acting pursuant to § 18-1A-111, Ala. Code 1975, ordered the clerk of the court to invest the $129,500, which the State had paid to the court, in an interest-bearing account.
Following a trial, the jury assessed damages in the amount of $62,500; the trial court awarded that amount in its final judgment of February 6, 1998. The judgment also directed the State to pay prejudgment interest at 12% per annum for the period February 3, 1997, through May 7, 1997. The judgment also awarded the property owners 48.26% of all interest earned on the $129,500 while that amount was on deposit.
The State, on February 20, 1998, moved to alter, amend, or vacate the judgment; its motion was denied by operation of law on May 21, 1998. The State appealed to the Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7, Ala. Code 1975.
The State raises one issue: the propriety of the prejudgment interest award. The State concedes that the award of pro-rata interest is proper, pursuant to § 18-lA-111, Ala. Code 1975.
The calculation of interest in condemnation cases is governed by statute. See § 18-lA-211. Because this appeal involves a pure question of law, our review is de novo. Roberts Health Care,Inc. v. State Health Planning Development Agency, 698 So.2d 106
(Ala. 1997). The statute governing the calculation of interest in condemnation actions was amended in 1995. Before the 1995 amendment, § 18-lA-211 (a) had read as follows:
 "(a) Except as provided in subsection (b), the judgment shall include interest at a rate equal to the rate allowed to be charged on money judgments as set forth in Section 8-8-10 as amended at the date of the final order in the circuit court upon the unpaid portion of the compensation awarded. The interest shall commence to accrue upon the date of the valuation and be calculated to the earlier of the date of deposits into Probate Court or date of entry of the judgment."
The 1995 amendment changed both the allowable interest rate and the date upon which interest would accrue. The statute currently reads as follows:
 "(a) Except as provided in subsection (b), the judgment shall include interest at a rate equal to the annual interest rate prevailing on 52-week United States Treasury Bills at the date of the final order in the circuit court upon the unpaid portion of the compensation awarded. The interest shall commence to accrue on the date of entry of the judgment.
 "(b) Except as provided by Section 18-1A-111,[1] the judgment may not include any interest upon the amount represented by funds deposited into probate court by *Page 1277 
the plaintiff for the period after the date of deposit."
The condemnation petition in this case was filed on February 3, 1997; therefore § 18-lA-111, as amended in 1995, applies. In construing a statute, "words are given their plain and usual meaning." Lambert v. Wilcox County Comm'n, 623 So.2d 727 (Ala. 1993). Section 18-1A-211 (a) provides that interest must be awarded on the unpaid portion of the compensation. The State deposited with the court $129,500, an amount far exceeding the $62,500 ultimately awarded by the trial court. Before the 1995 amendment to § 18-lA-211 (a), this court had construed that statute to mean that interest awarded under that statute was properly calculated on the amount of the judgment, if any, that exceeded the amount of the funds on deposit under §18-1A-211. See State v. Ward, 706 So.2d 1248 (Ala.Civ.App. 1997).
We conclude that interest under § 18-1A-211 (a), as amended in 1995, should be calculated by using the same figure, i.e., the difference between the amount of funds placed on deposit with the court and the amount of the circuit court judgment. In the present case, because the funds on deposit exceeded the amount of the judgment, there was no unpaid portion of compensation upon which to assess interest. Applying the statute as amended in 1995, we find it clear that the trial court erred in awarding prejudgment interest.[2]
Accordingly that portion of the judgment awarding prejudgment interest is reversed. The case is remanded for the entry of an order consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
[1] Section 18-1A-111 allows the court to direct the investment of funds deposited with the court in an interest-bearing account, upon the motion of a party. The statute further provides for interest earned on the deposited funds to be allocated between the parties pro rata, in relation to the final award.
[2] We note that if an award of prejudgment interest had been appropriate, the trial court should not have applied the rate of 12%. The 1995 amendment provides that the prejudgment inter est rate shall be "equal to the annual interest rate prevailing on 52-week United States Treasury Bills at the date of the final order."