This appeal involves an eminent domain proceeding brought by Alabama Power Company, seeking to condemn various parcels of property, including a parcel owned by Velpeau Williams, the appellant. On August 18, 1988, Alabama Power filed a complaint for condemnation in the Probate Court of Jefferson County. The probate court entered an order of condemnation and appointed commissioners to determine the amount of compensation due the landowners. The commissioners assessed the value of Williams's land for the easement sought by Alabama Power at $22,950. In November 1988, Alabama Power appealed the commissioners' finding to the circuit court. Williams demanded a jury trial.
In December 1988, Alabama Power deposited $608,759.23 in an escrow fund held by the probate court. The funds represented the total amount assessed by the commissioners on various parcels, including Williams's property, plus interest. The funds were later placed in an interest-bearing account, and $7,800, the amount offered to Williams before the institution of the condemnation proceeding, was distributed to Williams, pending the outcome of the appeal. The only issue before the circuit court was the amount of "just compensation" Williams should receive for the easement across his land.
On September 29, 1995, a jury entered a verdict awarding Williams $44,000 for the easement across his property. On November 17, 1995, the trial court entered a judgment in favor of Williams for $33,244.40. The trial court's order indicated that the amount of the judgment was calculated by adding to the $44,000 interest calculated at 12% per year from 1988 through 1995 ($18,349.03), and subtracting from that amount $7,800, which is the amount paid to Williams in October 1989, and the $21,304.63 still on deposit with the probate court. In calculating the amount of interest, the trial court applied the version of § 18-1A-211 in effect on the date of the taking of Williams's property, which specified that interest at the rate of 12% should be added to the amount representing the value of the property, calculated from the date of the taking to the date of payment.
Alabama Power and Williams both filed motions to alter, amend, or vacate the trial court's judgment. The trial court denied the motions, and both parties appealed to the Court of Civil Appeals. Williams claimed that the trial court had incorrectly calculated the amount of interest due him, arguing that $39,399.03, not $33,204.40, was the amount he was due. Alabama Power also challenged the interest award, claiming that the trial court should have applied the amended § 18-1A-211, i.e., the version that was in effect on the date of the judgment, rather than the *Page 174 
version that was in effect at the time of the taking.
The Court of Civil Appeals held that the trial court should have applied the amended § 18-1A-211. Williams v. Alabama Power Co., 698 So.2d 134 (Ala.Civ.App. 1996). It reversed the trial court's judgment and remanded the case for the trial court to recalculate the judgment. This Court denied Williams's subsequent petition for certiorari.[1]
On remand, the trial court entered a new judgment, applied the amended § 18-1A-211, and construed that section as precluding an award of prejudgment interest. Citing the language of the statute, the trial court held that "Williams [was] not entitled to any prejudgment interest."
Williams now appeals to this Court, arguing that the amended § 18-1A-211 cannot be construed to preclude an award of prejudgment interest because, he says, the state and federal constitutions require that "just compensation" be paid for property condemned in an eminent domain proceeding and prejudgment interest is part of the just compensation when payment is not made at the time of the taking. Alabama Power argues that the right to interest on a condemnation award can be conferred only by statute. We agree with Williams, and we reverse and remand.
Putting aside the issue of which version of § 18-1A-211 should be applied in this case, we first address Williams's contention that the amended § 18-1A-211(a) cannot be construed to preclude an award of prejudgment interest in a delayed-payment condemnation action, i.e., a condemnation action in which payment is not made contemporaneously with the taking.[2]
 I. Whether Prejudgment Interest is a Part of Just Compensation
The Takings Clause of the Fifth Amendment of the United States Constitution provides that private property shall not be taken for public use "without just compensation." This clause has been interpreted as requiring that to be just, "the compensation must be the full and perfect equivalent for the property taken." This clause has been applied to the states through the Due Process Clause of the Fourteenth Amendment. Monogahela Navigation Co. v. United States, 148 U.S. 312, 326 (1893). In addition, Article XII, § 235, Constitution of Alabama 1901, requires that just compensation be paid to landowners whose property is taken by a corporation "invested with the privilege of taking property for public use."
In 1921, the Supreme Court of the United States recognized that, where compensation is not paid at the time of the taking, the payment of interest from the time of the taking until full payment is made is a "convenient and fair method of ascertaining the sum to which the owner of the land is entitled." United States v. Rogers,255 U.S. 163, 169 (1921). Two years later, in Seaboard Air Line Ry. v. United States, 261 U.S. 299, 304 (1923), the Supreme Court held that "just compensation" requires that a landowner be put in as good a pecuniary position as he would have been if the landowner's property had not been taken. Expanding upon Rogers, the Court stated that, where the condemnor takes possession before full compensation is paid to the landowner, the landowner "is entitled to such addition as will produce the full equivalent of that value paid contemporaneously with the taking. Interest at a proper rate is a good measure by which to ascertain the amount so to be added." Seaboard Air Line Ry., 261 at U.S. 306.
Since Seaboard Air Line Ry., the Supreme Court has further defined the role of prejudgment interest as part of just compensation in delayed-payment condemnation actions. It is now generally recognized that *Page 175 
"[i]nterest from the time of the taking to the time of payment is constitutionally required as a component of just compensation." Powell on Real Property, Vol. 13 § 876.18(3)(b), pp. 79F-168 to 169 (1996); see also Phelps v. United States, 274 U.S. 341 (1927); Jacobs v. United States, 290 U.S. 13
(1933); Webbs Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155
(1980); and Kirby Forest Indus., Inc. v. United States, 467 U.S. 1
(1984).
This Court has also recognized that prejudgment interest is a required element of just compensation in delayed-payment condemnation actions. Jefferson County v. Adwell, 267 Ala. 544,103 So.2d 143 (1956); McLemore v. Alabama Power Co., 285 Ala. 20,228 So.2d 780 (1969). In McLemore, this Court held that a landowner is entitled to interest from the date the condemnor takes actual possession of the property until the date of the jury's verdict. In explaining our reasoning, we set forth the following:
 "`While the assessed value, if paid at the date taken for the assessment, might be just compensation, it certainly would not be, if payment be delayed, as might happen in many cases, and as did happen in this case, till several years after that time. The difference is the same as between a sale for cash in hand, and a sale on time.'"
285 Ala. at 27, 228 So.2d at 786-87 (quoting Warren v. First Div., St. Paul Pacific R.R., 21 Minn. 424, 427 (1875)).
Before the enactment of § 18-1A-211, Alabama did not have a statute providing for the calculation of prejudgment interest in delayed-payment condemnation cases.[3] However, in 1985, Alabama joined a majority of states in adopting a uniform method of calculating prejudgment interest. See the commentary to §18-1A-211, Ala. Code 1975. In its original form, § 18-1A-211(a) was a modified version of § 1202 of the Uniform Eminent Domain Code. It read as follows:
 "(a) Except as provided in subsection (b), the judgment shall include interest at a rate equal to the rate allowed to be charged on money judgments as set forth in section 8-8-10 as amended at the date of the final order in the circuit court upon the unpaid portion of the compensation awarded. The interest shall commence to accrue upon the date of valuation and be calculated to the earlier of the date of deposits into the probate court or date of entry of the judgment."
However, § 18-1A-211(a) was amended effective July 28, 1995. The amended § 18-1A-211(a) no longer addresses prejudgment interest. It reads, in pertinent part as follows:
 "(a) Except as provided in subsection (b), the judgment shall include interest at a rate equal to the annual interest rate prevailing on the 52-week United States Treasury Bills at the date of the final order in the circuit court upon the unpaid portion of the compensation awarded. The interest shall commence to accrue on the date of entry of the judgment."
(Emphasis added.) Although the commentary to § 18-1A-211 was not amended in 1995 and continues to discuss the award of prejudgment interest, the clear language of the amended § 18-1A-211(a) addresses only post-judgment interest.[4]
In holding that Williams was not entitled to prejudgment interest, the trial court must first have held that, absent legislative authority, a landowner has no right to prejudgment interest as part of a condemnation award. Alabama Power makes the same argument and cites a series of cases purportedly standing for the proposition that condemnees have no right to interest as part of a condemnation *Page 176 
award except as that right is granted by the Legislature. If this argument was correct, the trial court's order would have to be affirmed, because Alabama currently has no statute providing for prejudgment interest in condemnation cases. However, Alabama Power's argument overlooks the constitutional requirement that a condemnee be paid just compensation for the property taken and fails to consider the role of prejudgment interest in a delayed-payment condemnation action.
The cases cited by Alabama Power address only the role of post-judgment interest in condemnation actions, which, like the interest awarded on judgments in most types of cases, is a statutorily created right that can be taken away by the Legislature. See State of Alabama Highway Dep't v. Newton,448 So.2d 384 (Ala.Civ.App. 1984); Southern Elec. Generating Co. v. Lance, 269 Ala. 25, 110 So.2d 627 (1959); State v. Lecroy, 279 Ala. 428,186 So.2d 142 (1966); and State v. Moore, 269 Ala. 20,110 So.2d 635 (1959). However, the prejudgment-interest portion of a condemnation award, unlike its post-judgment counterpart, is part of the just compensation mandated by both the state and federal constitutions. Therefore, prejudgment interest "cannot be made to depend upon state statutory provisions." Seaboard Air Line Ry.,261 U.S. at 306. As the United States Supreme Court stated in Monogahela Navigation Co. v. United States, 148 U.S. at 327:
 "The legislature may determine what private property is needed for public purposes; that is a question of political and legislative character. But when the taking has been ordered, then the question of compensation is judicial. It does not rest with the public, taking the property, through congress or the legislature, its representatives, to say what compensation shall be paid, or even what shall be the rule of compensation."
In Seaboard Air Line Ry., the Supreme Court addressed the specific issue whether, absent a statutory provision providing for the calculation of prejudgment interest, a landowner is entitled to prejudgment interest in a delayed-payment condemnation action. In holding that the right to just compensation cannot be taken away or qualified by the absence of a statutory provision authorizing the imposition of prejudgment interest, the Court stated that the landowner "is entitled to such addition as will produce the full equivalent of that value paid contemporaneously with the taking," and that "no specific command to include interest is necessary when interest or its equivalent is part of such compensation."261 U.S. at 306. See also Jacobs, 290 U.S. at 13; Rogers, 255 U.S. at 163.
The payment of just compensation for private property taken for a public purpose is constitutionally mandated, and the decision of the Legislature not to provide for the calculation of prejudgment interest cannot prevent Williams from recovering prejudgment interest in this case. As noted above, a landowner must receive an amount equal to the value of his land as if that amount were paid contemporaneously with the taking; prejudgment interest represents "`[t]he difference . . . between a sale for cash in hand, and a sale on time.'" McLemore, 228 So.2d at 786-87 (quoting Warren, 21 Minn. At 427)). Even if the legislature had amended § 18-1A-211 to expressly prohibit the inclusion of prejudgment interest in a delayed-payment condemnation award, Williams would still be entitled to prejudgment interest from the date of the taking of his property to the date of payment, because such an amendment would not withstand constitutional scrutiny. See United States v. Thayer-West Point Hotel Co., 329 U.S. 585, 588
(1947) (holding that a federal statute prohibiting the recovery of interest on unpaid claims could not apply in condemnation actions because the Fifth Amendment entitled a property owner to receive, as part of just compensation, interest from the date of the taking to the date of payment). We therefore reverse the trial court's judgment.
 II. Calculation of Prejudgment Interest
Having held that Williams is entitled to prejudgment interest as part of the condemnation award, we now address the proper method of calculating prejudgment interest in delayed-payment condemnation actions *Page 177 
such as this one. Many other jurisdictions, state and federal, have addressed the issue of the calculation of prejudgment interest . . . we are, therefore, not without guidance.
As an initial matter, we must first revisit the earlier decision of the Court of Civil Appeals. In that opinion, the Court of Civil Appeals addressed the question of which version of §18-1A-211 should be applied in calculating Williams's condemnation award. The original version of § 18-1A-211 was in effect from the date of the taking until July 28, 1995, when the amended §18-1A-211 became effective. The amended version was in effect when the trial court entered its judgment. Initially, the trial court applied the original version of § 18-1A-211 and awarded Williams prejudgment interest at a rate of 12% per year. On appeal, the Court of Civil Appeals held that the trial court should have applied the amended § 18-1A-211, reasoning that that was the version in effect on the date of the judgment and that Williams's right to interest did not vest until that date. In part, the Court of Civil Appeals also relied on the language of both versions of the statute, which indicated that the trial court should apply the rate in existence on "the date of the final order." However, this portion of the statute and the opinion of the Court of Civil Appeals both overlook the distinctions between prejudgment interest in a delayed-payment condemnation action and the interest awarded in other types of cases.
As discussed above, landowners have a constitutional right to just compensation when their property is taken by eminent domain, and courts need no statutory authority to award prejudgment interest when it is required to make the compensation just. Where payment is not made at the time of the taking, the landowner's right to receive prejudgment interest arises when the condemnor takes possession of the landowner's property under the eminent domain laws. Prejudgment interest is the chosen method of compensating a landowner for the economic loss resulting from the delay in payment; therefore, by its very nature, the prejudgment interest rate should loosely reflect changes in market rates. Statutorily prescribed prejudgment-interest rates are usually linked to a market standard or are periodically changed by the legislature. Although the determination of what constitutes just compensation is ultimately a judicial function, many jurisdictions use prejudgment-interest statutes, like the original version of §18-1A-211, because those statutes set a consistent interest rate and foster the uniform treatment of condemnees. The statutory rates are presumed to be reasonable and to fulfill the requirements of just compensation. See Kirby Forest Indus., Inc. v. United States, 467 U.S. 1 (1984); In re City of New York, 449 N.E.2d 399
(N.Y. 1983); and City of Phoenix v. Campbell, 151 Ariz. 497,728 P.2d 1247 (Ariz.App. 1986).
Because of the nature of prejudgment interest as a part of just compensation in a delayed-payment condemnation action, the rate of interest should loosely reflect the rate of return that would have been available to the landowner while this action was pending had the landowner received the value of his or her land at the time of the taking. The 12% prejudgment interest rate set out in the original version of § 18-1A-211 is presumed to be reasonable during the period it was in effect; therefore, that statutory rate would normally be applied from the date of the taking until the date the amended version of § 18-1A-211 took effect. Because there was no statutory rate in existence after § 18-1A-211 was amended, the trial court would then be required to determine a reasonable rate for the period from the amendment until the judgment.[5]
However, the language of § 18-1A-211 prevents this simple result.
As noted by the Court of Civil Appeals, the original version of § 18-1A-211 stated that the trial court should apply the interest rate in effect on the date of judgment. Although that section would have been useful in a case where the rate remained constant and the statute remained in effect throughout the pendency of the case, that section, by its own language, cannot be applied here. Therefore, *Page 178 
in this case on remand, the trial court must determine the proper rate of prejudgment interest to be applied during the period from the date of the taking to the date of the judgment. As discussed in McLemore, this is a factual finding and must take into consideration the constitutional requirement that a party be justly compensated for property taken by eminent domain. See also State v. McGee, 543 So.2d 669 (Ala. 1989).
We applaud the Legislature's efforts to clarify Alabama's eminent domain law by adopting many of the sections contained in the UEDC. However, since the adoption of these laws, several sections have been modified; those modifications may prevent their usefulness. First, as noted in the opinion, Alabama is once again without a statute setting the rate of prejudgment interest in a delayed-payment condemnation action. The absence of such a statute places a heavy burden on trial courts to determine the proper rate of interest. It can also lead to inconsistent results. In fashioning a new prejudgment-interest statute, the Legislature should take into account the fundamental requirement that a landowner be awarded just compensation for property taken by eminent domain. In a case where the interest rate changes during the pendency of the condemnation action, the trial court cannot be limited to the rate that exists on the date of the judgment. For example, if the statutory interest rate is set at 12% during the first 3 years of the action but the statute is amended the year before the judgment is entered to reflect a rate of 6%, the requirements of just compensation would not be fulfilled by providing the landowner prejudgment interest at a rate of 6% for the entire 4-year period. In addition, although the amended §18-1A-211 addresses post-judgment interest, it retains the original comments that discuss only the award of prejudgment interest.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox and Brown, JJ., concur.
Cook, J., concurs specially.
Houston, See, and Lyons, JJ., concur in the result.
[1] Although this Court denied Williams's petition for certiorari review of the decision of the Court of Civil Appeals, it is impossible to comply with the constitutional mandate that Williams be awarded just compensation for property condemned in an eminent domain proceeding without revisiting that decision.
[2] Because Williams does not challenge the constitutionality of the amended § 18-1A-211, Ala. Code 1975, he was not required to comply with the notice requirements of Ala.R.App. P. 44 and §6-6-227, Ala. Code 1975.
[3] Before the enactment of § 18-1A-211, Alabama's Eminent Domain Code addressed only a landowner's right to interest during the period the trial court's judgment was on appeal (i.e., post-judgment interest). See § 18-1-26, Ala. Code 1975; § 18-1-27, Ala. Code 1975; and Tit. 19, § 24, Ala. Code 1958.
[4] Post-judgment interest accrues from the date the judgment is entered through the appeal of the case. It is interesting to note, that while Alabama adopted most of the Uniform Eminent Domain Code ("UEDC"), Alabama expressly declined to adopt the section of the Uniform Code awarding post-judgment interest. Alabama did not have a post-judgment interest section until the Legislature amended §18-1A-211.
[5] Before Alabama adopted a statute addressing prejudgment interest, the trial courts and juries made these findings. See Adwell, supra; McLemore, supra.