The State of Alabama appeals from the judgment of the Talladega Circuit Court awarding prejudgment and postjudgment interest to Marble City Plaza, Inc. ("Marble City"), in the State's condemnation action against Marble City.[1] Because the circuit court failed to follow the statutory framework for determining and awarding interest in eminent-domain cases, we reverse and remand.
On July 22, 2002, the State filed in the Talladega Probate Court a petition to condemn certain property owned by Marble City. The probate court appointed three commissioners to fix the amount of compensation due Marble City. On September 27, 2002, following a hearing, the probate court entered an order of condemnation and awarded Marble City $350,000. The record does not indicate when the State took possession of Marble City's property.[2]
On October 18, 2002, the State filed a notice of appeal to the Talladega Circuit Court. On October 28, 2002, the State deposited $350,000 with the probate court, The circuit court held a jury trial of the matter on October 25, 2004, resulting in a verdict awarding Marble City $153,800 in compensation for the State's condemnation of its property. The circuit court entered a final judgment on February 7, 2005, based on the jury verdict. In pertinent part, the circuit court's judgment stated:
 "The Court . . . finds that the Plaintiff State of Alabama, has previously deposited with the Clerk of the Probate Court of Talladega County the sum of $350,000.00; and that the principal sum of $350,000.00 remains on deposit together with the accumulated interest with the Clerk of the Probate Court of Talladega County.
 "IT IS ORDERED that the funds be delivered by the Probate Court to the Clerk of the Circuit Court.
 "IT IS ORDERED, ADJUDGED AND DECREED by the Court, and it is the judgment of the Court, that Defendant Marble City Plaza, Inc., is entitled to receive from the Plaintiff, State of Alabama, as of the date of this (judgment], the sum of $153,800.00 as awarded by the jury, plus prejudgment interest from July 22, 2002 (the date of taking)[3] to October 29, 2004 (the date of Jury Award)[4] in the amount of $20,958.72 and postjudgment interest from October 29, 2004 (the date of Jury *Page 1061 
Award)[5] to January 26, 2005[6] (the date of this Order) in the amount of $1,072.45 plus a per diem of $12.05 until said Judgment is paid in full.
 "In determining just compensation to the property owner for prejudgment interest the Court has considered the case of Williams v. Alabama Power Company, 730 So.2d 172 [(Ala. 1999),] and in consideration of postjudgment interest the Court applies Section 18-1A-211 of the State Code of Alabama, 1975 as last amended.
 "With regards to prejudgment interest, the Court finds that a landowner is entitled to prejudgment interest on delayed payment as part of just compensation awarded for property taken by eminent domain proceedings from the date of taking through the date of judgment, which this Court concludes to be the date of Jury Award. That with regards to postjudgment interest the Court finds that the landowner is entitled to interest from the judgment date until payment is made.
 "The Court finds that Section 18-1A-211(a) of the State Code of Alabama, 1975 as last amended applies only to postjudgment interest and not to prejudgment interest.
 "In determining the amount of pre-judgment interest as entered in this case, the Court notes that placing funds awarded in Probate Court in an interest bearing account is not mandatory, therefore not being determinative of prejudgment interest. The Court is of the opinion that prejudgment interest represents the difference between a sale for cash in hand and a sale on time and as such the prejudgment interest is part of just compensation for the delayed payment. This Court is convinced that 6% is a fair and equitable rate of pre-judgment interest in calculating that part of just compensation due a property owner on a monetary jury award for delayed payment.
 "In calculating prejudgment interest the Court assigned an interest factor of 6% from the date of taking, July 22, 2002 through the date of the jury award, October 29, 2004. . . .
 "In calculating postjudgment interest the Court ascertained from banking authorities, as of January 26, 2005, which is the date of this order, the most recent weekly average one-year constant maturity yield as published by the Board of Governors of the Federal Reserve System to be 2.86%. . . .
 "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that in addition to the sum of $153,800.00 jury award to the property owner, the sum of $20,958.72 shall be awarded as prejudgment interest and the sum of $1,072.45 shall be awarded as postjudgment interest with a per diem of $12.05 commencing January 26, 2005 and accruing until said judgment is paid in full.
 "IT IS THEREFORE ORDERED AND DECREED that the Clerk of this Court disburse, or cause to be disbursed, the principal sum of $153,800.00 to the Defendant Marble City Plaza, Inc. together with the additional sum of $20,-958.92[7] prejudgment interest and the sum of $1,072.45 with a per diem of $12.05 from January 26, 2005 until said payment is made. All remaining funds *Page 1062 
left after payment of this judgment to the Defendant shall be immediately and forthwith paid over to the Plaintiff."
As of February 7, 2005, the date the circuit court entered its judgment, the probate court's investment of the $350,000 had yielded approximately $9,500 in interest.
The circuit court denied the State's post-judgment motion. The State appealed to the Supreme Court, which transferred the appeal to this court.
The State contends that the circuit court erred as to the amount of prejudgment and postjudgment interest it awarded. Specifically, the State argues that the circuit court's award of interest should have been limited to a pro rata share of the interest actually earned on the funds deposited into the probate court.
We apply a de novo standard of review to questions of law and the application of law to undisputed facts. SeeGeorge v. Sims, 888 So.2d 1224, 1226 (Ala. 2004); andFitts v. Stokes, 841 So.2d 229, 231 (Ala. 2002). As a result, we do not presume that the circuit court's rulings with regard to these issues was correct. See Eubanks v.Hale, 752 So.2d 1113, 1144-45 (Ala. 1999).
Condemnation actions by the State under its power of eminent domain commence in the probate court. Ala. Code 1975, § 18-1A-71. After the probate court has entered a judgment of condemnation and has set the amount of compensation owed to the property owner whose property the State is seeking to condemn, either party may appeal to the circuit court. Ala. Code 1975, § 18-1A-283. Even if a party appeals to the circuit court, the State may proceed with its taking of the landowner's property if the State deposits into the probate court the amount of compensation that the probate court determined to be due the landowner. Ala. Code 1975, § 18-1A-284. With respect to the probate court's treatment of funds deposited by the State, Ala. Code 1975, § 18-1A-111, states:
 "Upon motion of a party at any time after a deposit has been made, the court shall direct that the money not withdrawn be invested in certificates of deposit of federal and state banks and savings and loan associations, or in treasury bills, notes, or obligations of the federal government or any agency thereof, subject to reasonable terms and conditions. Interest earned or other increments derived from the investment shall be allocated, credited, and disbursed between the parties pro rata, in relation to the final award."
(Emphasis added.)
Upon an appeal to the circuit court, that court, or a jury if one is requested, considers anew the question of the compensation that the landowner is due from the State because of the State's condemnation of the landowner's property. Ala. Code 1975, §§ 18-1A-151 and -283. Alabama Code 1975, § 18-1A-211(a), provides for an award of postjudgment interest on the amount the circuit court subsequently finds to be owed by the State to the landowner. Prejudgment interest is also due the landowner on the circuit court's judgment.[8]
The legislature, in enacting Ala. Code 1975, § 18-1A-211(b), placed a limitation on the amount of interest to be awarded to a landowner under certain circumstances: *Page 1063 
 "Except as provided by Section 18-1A-111, the judgment may not include any interest upon the amount represented by funds deposited into probate court by the plaintiff for the period after the date of deposit."
Thus, the legislature has determined that the interest due the landowner on that portion of the circuit court's judgment represented by funds that the State originally deposited in the probate court should be measured by the amount of interest actually earned on those funds.[9]
Based on the foregoing, when the State deposits funds in the probate court intended to cover the circuit court's eventual award of compensation and the circuit court subsequently enters a judgment increasing the amount of compensation due the landowner to an amount greater than that awarded by the probate court, the landowner is entitled to interest on the entire amount of the circuit court's award from the date of the State's taking to the date that the State deposits funds in the probate court,[10] interest on the difference between the amount deposited with the probate court and the amount of the circuit court's award from the date of the deposit to the date that the State satisfies the circuit court's judgment, and all of the interest that accrued on the funds deposited with the probate court. When the amount of compensation eventually awarded by the circuit court is less than the amount of funds the State deposits with the probate court, the landowner is entitled to interest on the amount of the circuit court's award from the date of the State's taking to the date the State deposits funds in the probate court[11] and to the interest that accrues on that portion of the funds the State deposited in the probate court representing the amount of compensation that the circuit court awards in its final judgment. SeeState v. Gray, 723 So.2d 1275, 1276-77 (Ala.Civ.App. 1998).
In the present case, the probate court found that the State owed Marble City $350,000 for the condemnation of Marble City's property. The State deposited that amount into the probate court, and the deposited funds began accruing interest. On appeal, the jury returned a verdict finding that the property the State took from Marble City was worth only $153,800. Purportedly relying on Williams v. Alabama Power Co.,supra, the circuit court refused to follow the plain language of Ala. Code 1975, § 18-1A-211(b). Under that statute, the post-deposit interest Marble City is allowed to recover on the portion of the funds deposited in the probate court representing the funds to which it was ultimately entitled ($153,800) is only the interest that actually accrued on that amount. Instead, the circuit court awarded Marble City prejudgment interest at a rate of 6% on that amount from July 22, 2002 (the date on which the State instituted the condemnation proceeding in the probate court, which the court found to be *Page 1064 
the "date of taking") to October 29, 2004 (the date on which the jury rendered its verdict in the circuit court, which the circuit found to be the "date of judgment"). The circuit court did not tie its award of prejudgment interest to the amount of interest earned in the probate court as required by §§ 18-1A-111 and -211(b) because of its conclusion that "placing funds awarded in Probate Court in an interest bearing account is not mandatory, therefore not being determinative of prejudgment interest." The circuit court also awarded postjudgment interest to Marble City, purportedly on the authority of § 18-1A-211(a),[12] at a rate of 2.86%, from the date the jury rendered its verdict until the date that Marble City was finally compensated for the taking.
In deviating from the statutory framework for awarding interest in a condemnation action, the circuit court construed the holding in Williams v. Alabama Power Co., supra, too broadly. In that case, the landowner, Williams, was awarded $22,950 by the probate court, which amount Alabama Power Company ("APCO"), the condemnor of his property, deposited into the probate court. Williams, 730 So.2d at 173. On appeal, the circuit court awarded Williams $44,000, an amount substantially in excess of the amount that APCO had deposited in the probate court for Williams. Id. After this court reversed the circuit court's first determination as to the amount of interest to which Williams was entitled (Williams v. Alabama Power Co., 698 So.2d 134
(Ala.Civ.App. 1996)), the circuit court, on remand, held that Williams was not entitled to any prejudgment interest on the award because the statutes governing interest in condemnation actions had been amended to remove any reference to prejudgment interest in such actions. 730 So.2d at 174.
On appeal, APCO argued that the circuit court was correct when it refused to award prejudgment interest because such interest was not available in the absence of affirmative statutory authorization. Id. Our Supreme Court disagreed.Id. It held that, to satisfy the mandate in the state and federal constitutions that a landowner be justly compensated for property that an entity takes from him or her through the power of eminent domain, the landowner must be paid interest on the value of the property from the date that the entity takes the landowner's property until the date the entity compensates the landowner for the taking. 730 So.2d at 174-76.
In the present case, the State seeks to have the circuit court follow the provisions of §§ 18-1A-111 and -211(b).Williams did not discuss those provisions regarding prejudgment interest because: (a) those provisions limit an award of prejudgment interest to interest actually earned on funds deposited in the probate court and the bulk of the award made in Williams was not covered by a deposit made in the probate court, and (b) to the extent that a portion of the award made in Williams was covered by a deposit made in the probate court, our Supreme Court was apparently not presented with (and, in any event, did not address) an argument that prejudgment interest on the deposited amount should be limited under the statute to only that interest actually earned on that deposit.
In the present case, however, the amount of the award ultimately made by *Page 1065 
the circuit court was fully covered by a deposit previously made by the State in the probate court, that deposit was invested and interest was earned on the full amount of the deposit, and the State does argue on appeal that §§ 18-1A-111 and -211(b) operate to limit the amount of prejudgment interest to which Marble City is entitled on that award to be only the interest actually earned on the deposit.
The circuit court failed to apply the statutory framework provided by the legislature for awarding interest in eminent-domain cases. For this reason, the circuit court's judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.[13]
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.
[1] Harvey Bowlin, Sr., as revenue commissioner of Talladega County, held a tax lien against the property at issue. Though he is named as an appellee in the State's notice of appeal, there is no question before this court related to his interest in the real property. Bowlin has not filed an appellate brief.
[2] The parties requested that only a limited portion of the clerk's record be included in the record on appeal.
[3] We find no indication in the record that the date the State took possession of the property was July 22, 2002; however, the parties stipulated to the circuit court that that date was the date the State took possession; therefore, we will treat it as such. See also note 13, infra.
[4] Prejudgment interest runs until the date of the judgment; postjudgment interest runs thereafter. Neither party challenges the circuit court's decisions to stop the running of prejudgment interest on the date the jury verdict was rendered or to begin the running of postjudgment interest on that date, rather than the date that the judgment was entered.
[5] See note 4, supra.
[6] The record indicates that the circuit court entered the judgment on February 7, 2005.
[7] As indicated in the above-quoted portions of the judgment, the circuit court alternatively referred to the prejudgment interest amount as either $20,958.72 or $20,958.92.
[8] Our Supreme Court has held that the United States and Alabama Constitutions require that prejudgment interest on the amount ultimately found to be due the landowner must be awarded to fully compensate the landowner for the taking of his or her property. See Williams v. Alabama Power Co.,730 So.2d 172, 176 (Ala. 1999).
[9] We do not address in this opinion whether the limitations on prejudgment interest set forth by the legislature in Ala. Code 1975, §§ 18-1A-111 and -211(b), pass constitutional muster under the principles articulated in Williams.
Marble City did not challenge the constitutionality of those provisions before the circuit court, and it does not challenge them before this court.
[10] Because the State is not entitled to take a landowner's property until it has deposited funds in the probate court representing the probate court's compensation award, Ala. Code 1975, § 18-1A-284, and because a landowner is not entitled to prejudgment interest until the State has actually taken his or her land, Williams, 730 So.2d at 176, it would be the rare case in which a landowner could recover predeposit interest.
[11] See note 10, supra.
[12] Section 18-1A-211 (a) states:
 "Except as provided in subsection (b), the judgment shall include interest at a rate equal to the most recent weekly average one-year constant maturity yield, as published by the Board of Governors of the Federal serve System, upon the unpaid portion of the compensation awarded. The interest shall commence to accrue on the date of entry of the judgment."
[13] As previously stated, prejudgment interest begins to accrue, for purposes of determining just compensation in eminent-domain cases, when the condemnor takes actual possession of the condemnee's property. Williams,730 So.2d at 177. Although the record does not indicate the date on which the State took actual possession of Marble City's property, the parties stipulated before the circuit court that the date of taking was July 22, 2002, the date on which the State filed its condemnation petition.