Marble City Plaza, Inc., petitioned this Court for certiorari review of a decision of the Court of Civil Appeals, arguing that that court's reversal of the trial court's judgment awarding Marble City $20,958.72 in prejudgment interest conflicts with this Court's decision in Williamsv. Alabama Power Co., 730 So.2d 172 (Ala. 1999).
 Facts and Procedural History
This case began in July 2002, when the State brought an action in the Talladega County Probate Court to condemn property owned by Marble City.[1] The probate court appointed three commissioners to determine the amount of compensation and conducted a hearing on that issue in September 2002. The probate court entered an order awarding Marble City $350,000, and the State appealed to the Talladega Circuit Court on October 18, 2002. In conjunction with its appeal, the State deposited, on October 28, 2002, the amount of $350,000 with the probate court.
The condemnation action was tried before a jury, resulting in a verdict on October 29, 2004, awarding Marble City $153,800. The circuit court entered a judgment on the verdict on February 7, 2005, which the Court of Civil Appeals quoted as follows:
 "`The Court . . . finds that the Plaintiff State of Alabama[] has previously deposited with the Clerk of the Probate Court of Talladega County the sum of $350,000.00; and that the principal sum of $350,000.00 remains on deposit together with the accumulated interest with the Clerk of the Probate Court of Talladega County.
 "`IT IS ORDERED that the funds be delivered by the Probate Court to the Clerk of the Circuit Court.
 "`IT IS ORDERED, ADJUDGED AND DECREED by the Court, and it is the judgment of the Court, that Defendant Marble City Plaza, Inc., is entitled to receive from the Plaintiff, State of Alabama, as of the date of this [judgment], the sum of $153,800.00 as awarded by the jury, plus prejudgment interest from July 22, 2002 (the date of taking)[3] to October 29, 2004 (the date of Jury Award)[4] in the amount of $20,958.72 and postjudgment interest from October 29, 2004 (the date of Jury Award)[5] to January 26, 2005[6] (the date of this Order) in the amount of $1,072.45 plus a per diem of $12.05 until said Judgment is paid in full. *Page 1067 
 "`In determining just compensation to the property owner for prejudgment interest the Court has considered the case of Williams v. Alabama Power Company, 730 So.2d 172 [(Ala. 1999),] and in consideration of post-judgment interest the Court applies Section 18-1A-211 of the State Code of Alabama, 1975 as last amended.
 "`With regards to prejudgment interest, the Court finds that a landowner is entitled to prejudgment interest on delayed payment as part of just compensation awarded for property taken by eminent domain proceedings from the date of taking through the date of judgment, which this Court concludes to be the date of Jury Award. That with regards to post-judgment interest the Court finds that the landowner is entitled to interest from the judgment date until payment is made.
 "`The Court finds that Section 18-1A-211(a) of the State Code of Alabama, 1975 as last amended applies only to postjudgment interest and not to prejudgment interest.
 "`In determining the amount of prejudgment interest as entered in this case, the Court notes that placing funds awarded in Probate Court in an interest bearing account is not mandatory, therefore not being determinative of prejudgment interest. The Court is of the opinion that prejudgment interest represents the difference between a sale for cash in hand and a sale on time and as such the prejudgment interest is part of just compensation for the delayed payment. This Court is convinced that 6% is a fair and equitable rate of prejudgment interest in calculating that part of just compensation due a property owner on a monetary jury award for delayed payment.
 "`In calculating prejudgment interest the Court assigned an interest factor of 6% from the date of taking, July 22, 2002[,] through the date of the jury award, October 29, 2004. . . .
 "`In calculating postjudgment interest the Court ascertained from banking authorities, as of January 26, 2005, which is the date of this order, the most recent weekly average one-year constant maturity yield as published by the Board of Governors of the Federal Reserve System to be 2.86%. . . .
 "`IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that in addition to the sum of $153,800.00 jury award to [Marble City], the sum of $20,958.72 shall be awarded as prejudgment interest and the sum of $1,072.45 shall be awarded as postjudgment interest with a per diem of $12.05 commencing January 26, 2005 and accruing until said judgment is paid in full.
 "`IT IS THEREFORE ORDERED AND DECREED that the Clerk of this Court disburse, or cause to be disbursed, the principal sum of $153,800.00 to the Defendant Marble City Plaza, Inc. together with the additional sum of $20,958.92 m prejudgment interest and the sum of $1,072.45 with a per diem of $12.05 from January 26, 2005, until said payment is made. All remaining funds left after payment of this judgment to the Defendant shall be immediately and forthwith paid over to the Plaintiff.'
"[3] We find no indication in the record that the date the State took possession of the property was July 22, 2002; however, the parties stipulated to the circuit court that that date was the date the State took possession; therefore, we will treat it as such. . . .
"[4] Prejudgment interest runs until the date of the judgment; postjudgment interest runs *Page 1068 
thereafter. Neither party challenges the circuit court's decisions to stop the running of prejudgment interest on the date the jury verdict was rendered or to begin the running of postjudgment interest on that date, rather than the date that the judgment was entered.
"[5]See note 4, supra.
"[6] The record indicates that the circuit court entered the judgment on February 7, 2005."
"[7] As indicated in the above-quoted portions of the judgment, the circuit court alternatively referred to the prejudgment interest amount as either $20,958.72 or $20,958.92."
State v. Marble City Plaza, Inc., 989 So.2d 1059,1060-32 (Ala.Civ.App. 2006). The Court of Civil Appeals also noted that as of the date the circuit court entered its judgment, February 7, 2005, the State's deposit of $350,000 with the probate court had accumulated approximately $9,500 in interest. The State filed a postjudgment motion, which was denied, and the State then appealed the trial court's judgment to this Court. We transferred this case to the Court of Civil Appeals pursuant to § 12-2-7(6), Ala. Code 1975.
Before the Court of Civil Appeals, the State argued that the trial court's calculation of prejudgment and postjudgment interest was incorrect and that its calculation should have been based upon a proportionate share, in relation to the trial court's judgment, of the interest actually earned on the $350,000 deposited into the probate court. The Court of Civil Appeals reversed the trial court's judgment, holding that the circuit court improperly relied upon Williams, supra, in determining the amount of prejudgment interest[2] to be awarded to Marble City, and that §§ 18-1A-111 and -211(b), Ala. Code 1975, do apply to limit the amount of prejudgment interest due to Marble City to a pro rata share of the interest actually earned on the deposit; accordingly, the Court of Civil Appeals remanded the cause for further proceedings. MarbleCity Plaza, 989 So.2d at 1065.
 Analysis
Marble City essentially argues that the trial court correctly applied Williams to determine the amount of prejudgment interest that should have been awarded. The trial court's award of prejudgment interest significantly exceeds the amount of interest actually earned on the State's deposit. The issue raised on appeal by the State is that the trial court's award of prejudgment and postjudgment interest should have been limited to a pro rata share of the interest that was actually earned on the funds the State had deposited with the probate court. The Court of Civil Appeals accepted the State's argument with respect to the award of prejudgment interest and did not explicitly discuss the award of postjudgment interest.[3]
After noting that the facts in this case were undisputed and that the issue on appeal was a question of law and therefore subject to a de novo review, the Court of Civil Appeals presented the following rationale:
 "Condemnation actions by the State under its power of eminent domain commence in the probate court. Ala. Code 1975, § 18-1A-71. After the probate court has entered a judgment of condemnation and has set the amount of compensation owed to the property owner whose property the State is seeking to condemn, either party may appeal to the circuit court. Ala. Code 1975, § 18-1A-283. Even if a party appeals to the *Page 1069 
circuit court, the State may proceed with its taking of the landowner's property if the State deposits into the probate court the amount of compensation that the probate court determined to be due the landowner. Ala. Code 1975, § 18-1A-284. With respect to the probate court's treatment of funds deposited by the State, Ala. Code 1975, § 18-1A-111, states:
 "`Upon motion of a party at any time after a deposit has been made, the court shall direct that the money not withdrawn be invested in certificates of deposit of federal and state banks and savings and loan associations, or in treasury bills, notes, or obligations of the federal government or any agency thereof, subject to reasonable terms and conditions. Interest earned or other increments derived from the investment shall be allocated, credited, and disbursed between the parties pro rata, in relation to the final award.'
"(Emphasis added.)
"Upon an appeal to the circuit court, that court, or a jury if one is requested, considers anew the question of the compensation that the landowner is due from the State because of the State's condemnation of the landowner's property. Ala. Code 1975, § 18-1A-151 and -283. Alabama Code 1975, § 18-1A-211(a), provides for an award of post-judgment interest on the amount the circuit court subsequently finds to be owed by the State to the landowner. Prejudgment interest is also due the landowner on the circuit court's judgment.[8] The legislature, in enacting Ala. Code 1975, § 18-1A-211(b), placed a limitation on the amount of interest to be awarded to a landowner under certain circumstances:
 "`Except as provided by Section 18-1A-111, the judgment may not include any interest upon the amount represented by funds deposited into probate court by the plaintiff for the period after the date of deposit.'
"Thus, the legislature has determined that the interest due the landowner on that portion of the circuit court's judgment represented by funds that the State originally deposited in the probate court should be measured by the amount of interest actually earned on those funds.[9]
"Based on the foregoing, when the State deposits funds in the probate court intended to cover the circuit court's eventual award of compensation and the circuit court subsequently enters a judgment increasing the amount of compensation due the landowner to an amount greater than that awarded by the probate court, the landowner is entitled to interest on the entire amount of the circuit court's award from the date of the State's taking to the date that the State deposits funds in the probate court,[10] interest on the difference between the amount deposited with the probate court and the amount of the circuit court's award from the date of the deposit to the date that the State satisfies the circuit court's judgment, and all of the interest that accrued on the funds deposited with the probate court. When the amount of compensation eventually awarded by the circuit court is less than the amount the State deposits with the probate court, the landowner is entitled to interest on the amount of the circuit court's award from the date of the State's taking to the date the State deposits funds in the probate court[11]
and to the interest that accrues on that portion of the funds the State deposited in the probate court representing the amount of compensation that *Page 1070 
the circuit court awards in its final judgment. SeeState v. Gray, 723 So.2d 1275, 1276-77 (Ala.Civ.App. 1998).
"In the present case, the probate court found that the State owed Marble City $350,000 for the condemnation of Marble City's property. The State deposited that amount into the probate court, and the deposited funds began accruing interest. On appeal, the jury returned a verdict finding that the property the State took from Marble City was worth only $153,800. Purportedly relying on Williams v. Alabama Power Co., [730 So.2d 172 (Ala. 1999)], the circuit court refused to follow the plain language of Ala. Code 1975, § 18-1A-211(b). Under the statute, the post-deposit interest Marble City is allowed to recover on the portion of the funds deposited in the probate court representing the funds to which it was ultimately entitled ($153,800) is only the interest that actually accrued on that amount. Instead, the circuit court awarded Marble City prejudgment interest at a rate of 6% on that amount from July 22, 2002 (the date on which the State instituted the condemnation proceeding in the probate court, which the court found to be the `date of taking') to October 29, 2004 (the date on which the jury rendered its verdict in the circuit court, which the circuit found to be the `date of judgment'). The circuit court did not tie its award of pre-judgment interest to the amount of interest earned in the probate court as required by §§ 18-1A-111 and -211(b) because of its conclusion that `placing funds awarded in Probate Court in an interest bearing account is not mandatory, therefore not being determinative of prejudgment interest.' The circuit court also awarded postjudgment interest to Marble City, purportedly on the authority of § 18-1A-211(a),[12] at a rate of 2.86%, from the date the jury rendered its verdict until the date that Marble City was finally compensated for the taking.
"In deviating from the statutory framework for awarding interest in a condemnation action, the circuit court construed the holding in Williams v. Alabama Power Co., supra, too broadly. In that case, the landowner, Williams, was awarded $22,950 by the probate court, which amount Alabama Power Company ('APCO'), the condemnor of his property, deposited into the probate court. Williams, 730 So.2d at 173. On appeal, the circuit court awarded Williams $44,000, an amount substantially in excess of the amount that APCO had deposited in the probate court for Williams. Id. After this court reversed the circuit court's first determination as to the amount of interest to which Williams was entitled (Williams v. Alabama Power Co., 698 So.2d 134
(Ala.Civ.App. 1996)), the circuit court, on remand, held that Williams was not entitled to any prejudgment interest on the award because the statutes governing interest in condemnation actions had been amended to remove any reference to prejudgment interest in such actions. 730 So.2d at 174.
"On appeal, APCO argued that the circuit court was correct when it refused to award prejudgment interest because such interest was not available in the absence of affirmative statutory authorization. Id. Our Supreme Court disagreed.Id. It held that, to satisfy the mandate in the state and federal constitutions that a landowner be justly compensated for property that an entity takes from him or her through the power of eminent domain, the landowner must be paid interest on the value of the property from the date that the entity *Page 1071 
takes the landowner's property until the date the entity compensates the landowner for the taking. 730 So.2d at 174-76.
"In the present case, the State seeks to have the circuit court follow the provisions of §§ 18-1A-111 and -211(b).Williams did not discuss those provisions regarding prejudgment interest because: (a) those provisions limit an award of prejudgment interest to interest actually earned on funds deposited in the probate court and the bulk of the award made in Williams was not covered by a deposit made in the probate court, and (b) to the extent that a portion of the award made in Williams was covered by a deposit made in the probate court, our Supreme Court was apparently not presented with (and, in any event, did not address) an argument that prejudgment interest on the deposited amount should be limited under the statute to only that interest actually earned on that deposit.
"In the present case, however, the amount of the award ultimately made by the circuit court was fully covered by a deposit previously made by the State in the probate court, that deposit was invested and interest was earned on the full amount of the deposit, and the State does argue on appeal that §§ 18-1A-111 and -211(b) operate to limit the amount of prejudgment interest to which Marble City is entitled on that award to be only the interest actually earned on the deposit.
"The circuit court failed to apply the statutory framework provided by the legislature for awarding interest in eminent-domain cases. For this reason, the circuit court's judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.[13]
 "[8], Our Supreme Court has held that the United States and Alabama Constitutions require that prejudgment interest on the amount ultimately found to be due the landowner must be awarded to fully compensate the landowner for the taking of his or her property. See Williams v. Alabama Power Co., 730 So.2d 172, 176 (Ala. 1999).
 "[9] We do not address in this opinion whether the limitations on prejudgment interest set forth by the legislature in Ala. Code 1975, §§ 18-1A-111 and -211(b), pass constitutional muster under the principles articulated in Williams.
Marble City did not challenge the constitutionality of those provisions before the circuit court, and it does not challenge them before this court.
 "[10] Because the State is not entitled to take a landowner's property until it has deposited funds in the probate court representing the probate court's compensation award, Ala. Code 1975, § 18-1A-284, and because a landowner is not entitled to prejudgment interest until the State has actually taken his or her land, Williams, 730 So.2d at 176, it would be the rare case in which a landowner could recover predeposit interest.
 "[11]See note 10, supra.
 "[12] Section 18-1A-211(a) states:
 "`Except as provided in subsection (b), the judgment shall include interest at a rate equal to the most recent weekly average one-year constant maturity yield, as published by the Board of Governors of the Federal Reserve System, upon the unpaid portion of the compensation awarded. The interest shall commence to accrue on the date of entry of the judgment.'
 "[13]As previously stated, prejudgment interest begins to accrue, for purposes of determining just compensation in eminent-domain cases, when the condemnor takes actual possession of the condemnee's property. Williams, 730 So.2d at 177. Although the record does not indicate the date on which the State took actual possession of Marble City's property, the parties stipulated before the circuit court that the date of taking was July 22, 2002, the date on which the State filed its condemnation petition."
989 So.2d at 1062-65.
In Williams, supra, Alabama Power began eminent-domain proceedings against Williams's property. The probate court entered an order of condemnation and appointed commissioners to determine the *Page 1072 
appropriate amount of compensation. The commissioners found that Alabama Power owed Williams $22,950. Alabama Power appealed, and Williams demanded a jury to determine compensation. The jury found that Alabama Power owed Williams $44,000. The trial judge entered an order in favor of Williams for $32,244.40, based on the $44,000, plus 12% interest, less an amount previously paid to Williams and an amount Alabama Power had placed on deposit with the probate court. In calculating the amount of interest, the trial judge applied the version of § 18-1A-211 in effect on the date of the taking of Williams's property, which specified interest at the rate of 12%.
Both parties appealed. Williams claimed he was owed $39,399.03, and Alabama Power claimed that the amended version of § 18-1A-211, i.e., the version that was in effect on the date of the judgment and that no longer addressed prejudgment
interest, should have been used to calculate the amount awarded to Williams. The trial judge subsequently concluded that the amended version of § 18-1A-211 did not allow for an award of prejudgment interest. Williams then appealed to this Court, asking us to find that prejudgment interest was not excluded under the amended version of § 18-1A-211, but included as "just compensation" for property condemned in an eminent-domain proceeding as required by the Alabama and United States Constitutions.
The Williams Court stated that the United States Constitution provides that private property shall not be taken for public use "`without just compensation.'" 730 So.2d at 174
(quoting the Fifth Amendment to the United States Constitution). The United States Supreme Court has held that "`just compensation' requires that a landowner be put in as good a pecuniary position as he would have been if the landowner's property had not been taken." Id. (citingSeaboard Air Line Ry. v. United States, 261 U.S. 299,43 S.Ct. 354, 67 L.Ed. 664 (1923)). This Court noted that it has recognized "that prejudgment interest is a required element of just compensation in delayed-payment condemnation cases."730 So.2d at 175 (citing Jefferson County v. Adwell,267 Ala. 544, 103 So.2d 143 (1956), and McLemore v. AlabamaPower Co., 285 Ala. 20, 228 So.2d 780 (1969)). TheWilliams Court held that "the payment of just compensation for private property taken for a public purpose is constitutionally mandated, and the decision of the Legislature not to provide for the calculation of prejudgment interest cannot prevent Williams from recovering prejudgment interest in this case." 730 So.2d at 176.
Based on this reasoning, we reversed the trial court's judgment holding that Williams was not entitled to prejudgment interest.730 So.2d at 176. "Where payment is not made at the time of the taking, the landowner's right to receive prejudgment interest arises when the condemnor takes possession of the landowner's property under the eminent domain laws." 730 So.2d at 177. This Court stated that because the purpose of an award of prejudgment interest is to compensate a landowner for a delay in payment, the interest rate should "loosely reflect changes in market rates" and that the trial court must determine the proper rate of prejudgment interest to be applied.730 So.2d at 177-78. This Court recognized that the absence of a statute providing for prejudgment interest placed a heavy burden on the trial court and could lead to inconsistent results.730 So.2d at 178. Last, the Court stated that the legislature should fashion a new prejudgment-interest statute. Id.
We agree with Marble City that the Court of Civil Appeals' opinion conflicts *Page 1073 
with this Court's opinion in Williams regarding the method of calculating pre-judgment interest on funds deposited with the lower court. However, the Williams
Court was not presented with the argument that § 18-1A-111
limited the amount of prejudgment interest on the amount deposited with the lower court to the amount of interest actually earned on the deposit.
Section 18-1A-111 provides:
 "Upon motion of a party at any time after a deposit has been made, the court shall direct that the money not withdrawn be invested in certificates of deposit of federal and state banks and savings and loan associations, or in treasury bills, notes, or obligations of the federal government or any agency thereof, subject to reasonable terms and conditions. Interest earned or other increments derived from the investment shall be allocated, credited, and disbursed between the parties pro rata, in relation to the final award."
Section 18-1A-211 provides:
 "(a) Except as provided in subsection (b), the judgment shall include interest at a rate equal to the most recent weekly average one-year constant maturity yield, as published by the Board of Governors of the Federal Reserve System, upon the unpaid portion of the compensation awarded. The interest shall commence to accrue on the date of entry of the judgment.
 "(b) Except as provided by Section 18-1A-111, the judgment may not include any interest upon the amount represented by funds deposited, into probate court by the plaintiff for the period after the date of deposit."
We agree with the Court of Civil Appeals that the plain language of §§ 18-1A-111 and 18-1A-211(b) does apply to limit the amount of interest available to Marble City to a pro rata share, based on the trial court's judgment entered on the jury's verdict, of the interest that was actually earned on the funds deposited with the probate court. Although our analysis in Williams is correct to the extent that the United States and Alabama Constitutions require the payment of pre-judgment interest upon the State's taking of private property for public use, to the extent that Williams
conflicts with §§ 18-1A-111 and 18-1 A-211 in the context of deposited funds, we hereby overrule Williams.[4]
 Conclusion
Based on the foregoing, the judgment of the Court of Civil Appeals is affirmed.
 AFFIRMED. *Page 1074 
COBB, C.J., and SEE, LYONS, WOODALL, STUART, SMITH, and PARKER, JJ., concur.
MURDOCK, J., recuses himself.
[1] Harvey Bowlin, Sr., the revenue commissioner for Talladega County, held a tax lien on the condemned property. He was named as an appellee on the notice of appeal filed with the Court of Civil Appeals, but he filed no brief in that court.
[2] The Court of Civil Appeals did not address the validity of the trial court's award of postjudgment interest.
[3] For a discussion of postjudgment interest in a condemnation case, see Alabama Department ofTransportation v. Williams, 984 So.2d 1092
(Ala. 2007).
[4] We do not address the calculation of prejudgment interest when the compensation awarded in the probate court was deposited into the probate court but none of the parties requested that the amount be placed in an interest-bearing account as provided for in § 18-1A-111. Nor do we address the calculation of prejudgment interest when the compensation awarded in the circuit court exceeds the compensation awarded in the probate court and the amount in the probate court has been deposited in an interest-bearing account. As we did in Williams, we ask the legislature to draft a statute addressing prejudgment interest in order to prevent inconsistent results regarding the calculation of prejudgment interest in the 67 counties of this State. In the event that the legislature does not act, in the instances not addressed by this opinion we are left with the language in Williams
that "[b]ecause of the nature of prejudgment interest as a part of just compensation in a delayed-payment condemnation action, the rate of interest should loosely reflect the rate of return that would have been available to the landowner while this action was pending had the landowner received the value of his or her land at the time of the taking." 730 So.2d at 177.